## H. H. HOLLOWAY V. THE STATE.

No. 22717. Delivered February 9, 1944.
Rehearing Denied March 22, 1944.

The opinion states the case.

*Tom M. Miller,* of Graham, and *C. C. McDonald,* of Wichita Falls, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of a nighttime burglary of a private residence, and by the jury given a term of five years in the penitentiary.

We find a purported statement of facts in the record, but same does not bear the approval of the judge of the court trying the case. Such approval is necessary before we can consider the same. See 4 Texas Jurisprudence, p. 425, Sec. 292.

We are unable to appraise the bills of exceptions in the absence of a statement of facts.

The indictment and all proceedings appear to be regular, and lacking a statement of facts we can not appraise the single bill of exceptions found in the record.

The judgment will therefore be affirmed.

### ON MOTION FOR REHEARING.

DAVIDSON, Judge.

This case was tried before Judge B. H. Atchison, at the May, 1943, Term of the District Court of Young County. The motion for new trial was overruled and notice of appeal given on the 22nd day of June, 1943, and ninety days from that date were allowed within which to prepare and to file statement of facts and bills of exception. Judge Atchison died on the 3rd day of September, 1943. He was succeeded by Judge Floyd Jones, who qualified on the 8th day of September, 1943.

The statement of facts appearing in this case does not bear the approval of Judge Atchison, nor that of any other district judge.

Appellant insists that he is entitled to have the statement of facts considered, notwithstanding the same has not been approved, for two reasons, to-wit: (a) because, under the law as it now exists, it is unnecessary that a statement of facts be approved by the trial judge, when the parties agree thereto; and (b) because the failure to secure the approval of the statement of facts by the trial judge was without fault or neglect on his (appellant's) part. We discuss these contentions in the order named.

Appellant's first contention is based upon Subdivision (d) of Rule 377 of the Rules of Civil Procedure as promulgated by the Supreme Court, which reads as follows:

"(d) Approval of Trial Court Unnecessary. It shall be unnecessary for the statement of facts to be approved by the trial court or judge thereof when agreed to by the parties. If any difference arises as to whether the record truly- discloses what occurred in the trial court, or if the opposing party fails to agree or to disagree within ten days after being furnished with a copy of the proposed statements of facts, the matter shall be submitted to and settled by the trial court or judge thereof and the statement of facts be by him made to conform to the truth."

If this rule be controlling in criminal cases, the statement of facts in the instant case is entitled to be considered, inasmuch as it was agreed to by the parties.

The Legislature, by Chapter 25, House Bill 108, Acts Regular Session 46th Legislature, in 1939, conferred upon the Supreme Court of this State "full rule-making power in civil judicial proceedings," and invested that court "with the full rule-making power in the practice and procedure in civil actions." All laws and parts of laws governing the practice and procedure in civil actions were repealed, effective September 1, 1941.

In the exercise of the power thus conferred, the Supreme Court promulgated the Texas Rules of Civil Procedure, the scope of which was to "govern the procedure in the justice, county, district, and appellate courts of the State in all actions of a civil nature, with such exceptions as may be hereinafter stated." Rule 2.

Rule 377, relied upon by appellant, appears under "Part III Rules of Procedure for the Court of Civil Appeals."

It is thus made evident that the rule-making power of the Supreme Court and the rules promulgated thereunder apply to civil actions only. The power to promulgate rules and regulations governing criminal actions was not conferred upon, and has not been attempted to be exercised by, the Supreme Court. Therefore, the rules governing civil actions are applicable and controlling in criminal matters only when expressly made so by statute.

Art. 760, C. C. P., requires that a statement of facts in a criminal case be approved by the trial judge. Such statute has not been repealed. It is in force and effect.

Accordingly, we hold that, in so far as an appeal in a criminal case is concerned, the statement of facts, to be considered by this court, must be approved by the trial judge, or by some judge authorized to approve same.

As to appellant's contention that, without fault on his part, he has been deprived of a statement of facts, we note the following:

The unapproved statement of facts appearing in this case was filed in the trial court August 4th, 1943—the same day it was approved by both counsel for the State and the appellant, and approximately one month before the death of Judge Atchison—and nineteen days prior to the date he approved the bills of exception appearing in this record.

No satisfactory reason is shown as to why Judge Atchison could not have approved the statement of facts at the same time he approved the bills of exception.

In this connection, note is also to be taken of the fact that a successor to Judge Atchison was appointed and duly qualified on the 8th day of September, 1943, which was twelve days before the expiration of the time allowed within which the statement of facts in this case might have been filed. Such successor judge was authorized to approve the statement of facts in this case. If some good reason existed for Judge Atchison's failure to approve the statement of facts, then appellant was under the burden of seeking approval of same by the successor judge. The record reflects no such effort on the part of appellant.

Under the facts stated, the failure to secure a statement of facts authorized by law to be considered by this court is the fault, alone, of the appellant.

It is regrettable that it often becomes the duty of this court to affirm a judgment of conviction because of the absence of a statement of facts, approved, and filed, as required by law. Where the law prescribes the method to be followed in order to obtain a statement of facts in a criminal case, it is the duty of this court to enforce that law.

The appellant's motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.