Joe REYES, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–81–00073–CR.

Court of Appeals of Texas,
San Antonio.

Feb. 10, 1982.

Johnny D. Gabriel, Jr., San Antonio, for appellant.

Bill White, Dist. Atty., Linda S. McDonald, Asst. Crim. Dist. Atty., San Antonio, for appellee.

Before CADENA, C. J., and BUTTS and CLARK, JJ.

OPINION

BUTTS, Justice.

This is an appeal from a jury conviction for burglary of a building. After finding the enhancement paragraph to be true, the jury assessed punishment at eight years imprisonment.

In his first two grounds of error appellant challenges the sufficiency of the evidence to support the conviction. We do not believe, as does the appellant, that certain elements of the offense were not proved, nor do we agree with his third ground of error that the indictment was defective. We affirm the conviction.

San Antonio police officer James Rabe testified that he drove his patrol car onto an Allright parking lot in downtown San Antonio a few minutes after midnight on December 9, 1978, because he saw someone inside the ticket booth. As the officer watched, the appellant, who was inside, disappeared from view and rose up again. The parking lot was not open to business at that time. Officer Rabe observed that the window, about three feet by three feet, had been removed from the booth. He later found it inside the booth. Further, he saw that the door of the booth was padlocked. As he drove up to the booth, the appellant was "getting ready to come out" through the window opening. The officer helped the appellant through the aperture, handcuffed him, and placed him in the patrol car. Appellant escaped, was returned to the patrol car, and, at that time, other officers arrived. Two items were located in the booth by the opening. They were a time stamp and a metal box. Evidence disclosed they were kept on the floor at all times. It was Rabe's conclusion that the movements of appellant which he observed were made in transferring these items to the shelf by the opening for removal from the booth.

Tex.Penal Code Ann. § 30.02 (Vernon 1974) provides, in pertinent part:

> (a) A person commits an offense if, without the effective consent of the owner, he:
>
> (1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony or theft . . . .

The elements of burglary, to be proved in the instant case, are: 1) the appellant; 2) without the effective consent of the owner; 3) entered a building not then open to the public; 4) with intent to commit theft. Appellant does not quarrel with the proof of elements 1) and 3). However, he does argue that number 2) was not proved because Robert Cantu, the general manager for Allright Parking of San Antonio, testified rather than the actual owner of the business.

Tex.Penal Code §§ 1.07(a)(24) and (28) (Vernon 1974) provide:

> "Owner" means a person who has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor.
>
> \* \* \* \* \* \*
>
> "Possession" means actual care, custody, control or management.

The statute provides three distinct ways for the State to sustain its burden of proving that Cantu was the "owner" of the property. Cantu testified that he was general manager of Allright Parking of San Antonio, which included the lot in the instant case. He further testified that he had care, custody and control of the Allright parking booths. He stated that he was the operations manager for parking, overseeing when the lots open, how the business runs, the prices, hiring, and training of all employees. He testified that the only person who outranked him was Mr. McAshan, the owner. The evidence was sufficient to show that Cantu had the duty to supervise the operation of the ticket booth in this case. In this capacity he was in possession of the property [§ 1.07(a)(28), *supra*], and thus, an owner within the terms of § 1.07(a)(24), *supra*. *Eaton v. State*, 533 S.W.2d 33 (Tex.Cr.App. 1976).

The burglary statute, *supra*, does not require proof that the appellant in this case appropriated property or had it in his custody in order to sustain a conviction. It does require proof of an intent to commit theft, number 4), *supra*. Appellant asserts there was no proof of this intent. It is established law that the intent to commit theft may be presumed if the entry occurs at nighttime. *Jones v. State*, 587 S.W.2d 115, 119 (Tex.Cr.App.1979). A presumption may be rebutted by other evidence. *See Alvarado v. State*, 596 S.W.2d 904 (Tex.Cr. App.1980). We note in the instant case no evidence was offered to rebut the presumption of intent to commit theft.

Moreover, we find that the circumstances of the discovery of appellant inside

the ticket booth would lead a jury to conclude that appellant had the requisite intent. We overrule the first two grounds of error.

In his final ground of error appellant contends that the indictment was "materially defective," referring to the punishment phase at which the State's proof of appellant's prior aggravated robbery conviction was the certified copies of the judgment and sentence in that case. "Jesse Gonzales" was the person convicted in that case. The indictment in the instant case contained no allegation of the name Jesse Gonzales. Further, an assistant district attorney testified that she was present when the man she knew as Jesse Gonzales was sentenced for aggravated robbery, and that he was the same man present in court in this trial and indicted as Joe Reyes. In addition, the fingerprints of Gonzales and Reyes showed they were one and the same. We hold this to be sufficient proof as approved by the court in *Rios v. State*, 557 S.W.2d 87 (Tex.Cr.App.1977). *See* Tex. Code Crim.Pro.Ann. art. 21.07 (Vernon 1966).

We further find, contrary to appellant's assertion, that there is no fatal variance between the number of the court alleged in the enhancement paragraph and that proved at trial when the correct county and cause number are shown, as here. *Rooks v. State*, 576 S.W.2d 615, 617 (Tex.Cr. App.1978). The ground of error is overruled.

The judgment is affirmed.