**Denise Ellen CRAWFORD, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–85–286–CR.**

Court of Appeals of Texas, Eastland.

Oct. 2, 1986.

Frank W. Conard, II, Sweetwater, for appellant.

Michael S. Line, Co. Atty., Snyder, for appellee.

## OPINION

RALEIGH BROWN, Justice.

This is an appeal from a plea of guilty before the court for the offense of posses-

sion of alcoholic beverages in a dry area for the purpose of sale. Punishment was assessed at a fine of $1,000. We affirm.

Appellant urges a single point of error contending that:

> The trial court abused its discretion in failing to either recuse himself or request the presiding judge of the administrative judicial district to assign a judge to hear appellant's motion for disqualification and motion for new trial.

The record reflects that appellant entered her plea of guilty on September 5, 1985. Judgment was rendered and signed the same day. The transcript reflects that a motion for new trial was filed September 12, 1985. A "motion for disqualification," which contains no file mark, certifies that it was served on the county attorney by depositing same in the mail on October 7, 1985.

Appellant contends that upon the filing of her motion for disqualification, the trial court is bound by the provisions of TEX.R. CIV.P. 18a.[1] The Court of Criminal Appeals has stated that Rule 18a may not be applicable to criminal proceedings. In *McClenan v. State*, 661 S.W.2d 108, 110 (Tex.Cr.App.1983), Footnote No. 2, Judge Davis discussed the application of Rule 18a:

> Currently no rule of criminal procedure exists setting forth the requirement

1. (a) At least ten days before the date set for trial or other hearing in any court other than a Court of Appeals or the Supreme Court, any party may file with the clerk of the court a motion stating grounds why the judge before whom the case is pending should not sit in the case. The grounds may include any disability of the judge to sit in the case.

    \*    \*    \*    \*    \*    \*

(c) Prior to any further proceedings in the case, the judge shall either recuse himself or request the presiding judge of the administrative judicial district to assign a judge to hear such motion. If the judge recuses himself, he shall enter an order of recusal and request the presiding judge of the administrative judicial district to assign another judge to sit, and shall make no further orders and shall take no further action in the case except for good cause stated in the order in which such action is taken.

(d) If the judge declines to recuse himself, he shall forward to the presiding judge of the administrative judicial district, in either original form or certified copy, an order of referral, the motion, and all opposing and concurring statements. Except for good cause stated in the order in which further action is taken, the judge shall make no further orders and shall take no further action in the case after filing of the motion and prior to a hearing on the motion. The presiding judge of the administrative judicial district shall immediately set a hearing before himself or some other judge designated by him, shall cause notice of such hearing to be given to all parties or their counsel, and shall make such other orders including orders on interim or ancillary relief in the pending cause as justice may require.

    \*    \*    \*    \*    \*    \*

for a motion based on Art. 200a, sec. 6. We invite the legislature to set up strict requirements for such a motion, i.e.: sworn motion setting forth prima facie proper grounds, to be filed before trial or as soon as the issue is presented. *Tex.R. Civ.Pro. 18a applies in civil cases and can furnish guidance for a criminal rule. However, a more precise and detailed criminal rule would be of more help to judges and lawyers alike.* See Schwab, "Who Determines Judicial Disqualification?", 43 Tex.B.J. 197 (1980). (Emphasis added)

In *State ex rel. Millsap v. Lozano,* 692 S.W.2d 470, 481 (Tex.Cr.App.1985), Presiding Judge Onion also questioned whether Rule 18a applies to criminal cases stating:

> [I]t is not clear that the rule [Rule 18a] applies to criminal cases. Cf. *McClenan v. State,* supra, footnote # 2. (Footnote omitted)

TEX.R.CIV.P. 2 supports the proposition that Rule 18a should not be applied to criminal cases. Rule 2 states that: "These rules shall govern the procedure in the justice, county, district, and appellate courts of the State of Texas in all actions of a *civil* nature...." (Emphasis added) Our Supreme Court has held that such language is an express limitation of the scope of the rules of civil procedure to civil actions in courts. *Nunn v. New,* 226 S.W.2d 116, 118 (Tex.1950). The Texas Court of Criminal Appeals held in *Holloway v. State,* 178 S.W.2d 688, 689 (Tex.Cr. App.1944), that the rules of civil procedure promulgated by the Supreme Court are applicable and controlling in criminal matters only when so made by statute. Rule 18a, by its terms, does not include criminal matters. We hold, therefore, that Rule 18a does not apply to criminal cases.

This case presents the issue of the disqualification of a constitutional county judge. TEX.CODE CRIM.PRO.ANN. art. 30.03, sec. 1 (Vernon Pamph.Supp.1986) sets forth a procedure for selecting a new county judge to try a criminal case *after* a county judge has been disqualified. However, Article 30.03 contains no procedure for *initially* disqualifying a county judge. Also pertinent to the matter of judicial disqualification is TEX. GOV'T CODE ANN. sec. 74.036(c)(3) (Vernon Pamph. 1986) which provides that: "A district judge shall ... request the presiding judge to assign another judge of the administrative district to hear a motion relating to the recusal of the *district* judge from a case pending in his court." (Emphasis added) By express statutory language, this statute applies only to district judges and does not apply to county judges. *Millsap v. State,* supra at 477.

■ We conclude, therefore, that there is currently no statutory procedure for the mandatory recusal of a county judge in a criminal case. See Kilgarlin & Bruch, *Disqualification and Recusal of Judges,* 17 St. Mary's L.J. 599, 644 (1986).

TEX.CONST. art. V, sec. 11 provides that:

> No judge shall sit in any case wherein he may be interested, or where either of the parties may be connected with him, either by affinity or consanguinity, within such a degree as may be prescribed by law, or when he shall have been counsel in the case.

TEXAS SUPREME COURT, CODE OF JUDICIAL CONDUCT, Canon 3, part C (1976) appears to enlarge the list of judicial disqualifications, but such code specifically excludes constitutional county judges from its application. A constitutional county judge's mandatory disqualification would, therefore, be based solely upon grounds stated in the Texas Constitution. It has been held that the constitutional grounds for disqualification of judges are exclusive: that is, they specify all the circumstances that forbid a judge to sit. *Millsap v. State,* supra at 475; *Williams v. State,* 492 S.W.2d 522, 524 (Tex.Cr.App.1973). See also Calvert, *Disqualification of Judges,* 47 TEX.BAR.J. 1330 (1984). To this constitutional list of prohibitions, the Court of Criminal Appeals has added judicial bias where shown to be of such an extent as to

deny a defendant due process of law. *McClenan v. State*, supra at 109.

In her "motion for disqualification," appellant stated as her grounds that:

It would be a conflict for Judge Wilson to hear Defendant's Motion for a New Trial filed in this cause in that the grounds of the Motion for a New Trial go to the judge's failure to properly admonish the defendant and further go to error committed by the judge calculated to injure the rights of the defendant in that the judge discussed the case with defendant's father prior to the hearing and because of such conversation defendant entered a plea of guilty in open court believing that the court would dismiss certain cases and levy a minimum fine on one, which was not what the court did. Because of such actions of the court, defendant's plea of guilty could not have been entered after a knowing and voluntary waiver of his right to counsel and other rights provided by the U.S. and Texas Constitutions and the Texas Penal Code and Code of Criminal Procedure.

This motion suggests two grounds for disqualification of the county judge: (1) failure to properly admonish appellant, and (2) a conditional plea was not voluntarily and knowingly made. Neither ground is a constitutional ground for disqualification of a judge, nor do they show bias to such an extent as to deny appellant due process of law.

The point of error is overruled. The judgment is affirmed.