Darren CUMPIAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–90–00451–CR.

Court of Appeals of Texas,
San Antonio.

July 10, 1991.

Grady L. Roberts, Law Office of Grady L. Roberts, Jr., Pearsall, Tex., for appellant.

Alger H. Kendall, Jr., Lynn Ellison, Dist. Attorney's Office, Karnes City, Tex., for appellee.

Before PEEPLES, CARR and GARCIA, JJ.

## OPINION

GARCIA, Justice.

Appellant, Darren Cumpian, was charged with burglary of a building. His punishment was enhanced by two prior felony convictions. The case was tried before the judge, who found him guilty and assessed a fifty year prison sentence. Appellant complains of two errors. We affirm.

On the night of December 27, 1989, complainant, Mr. Davila, noticed appellant standing in front of complainant's business establishment, a game room containing video games, pool tables, foosball tables and a jukebox. Complainant watched appellant enter the building and called the police. Officer Ortiz responded to the call and saw the front door of the building was open. Officer Ortiz shined his car lights onto the building. Suddenly, three men broke through a window and began running from Officer Ortiz. The officer identified appellant as one of the three men. Another officer apprehended co-defendant Joe Vinton. Exhibits showing damage to some of the coin-operated machines were admitted at trial. Mr. Davila testified that money was missing from the building.

■ First, we consider appellant's second point of error in which appellant complains the evidence is insufficient to convict him of burglary. The standard for review of the sufficiency of the evidence is whether, viewing the evidence in the light most favorable to support the conviction, any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Sharp v. State*, 707 S.W.2d 611, 614 (Tex.Crim.App.1986), *cert. denied*, 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988). The standard is applicable to both direct and circumstantial evidence cases. *Chambers v. State*, 711 S.W.2d 240, 245 (Tex.Crim.App.1986). A conviction based upon circumstantial evidence, however, cannot be sustained if the circumstances do not exclude every other reasonable hypothesis except that of the accused's guilt. *Butler v. State*, 769 S.W.2d 234, 238 n. 1 (Tex.Crim.App.1989). If, after viewing the evidence in the light most favorable to support the conviction, there is a reasonable hypothesis in harmony with the facts of the case other than the guilt of the accused, then it cannot be said that guilt has been shown beyond a reasonable doubt. *Martin v. State*, 753 S.W.2d 384, 387 (Tex.Crim.App.1988).

In order to prevail, the State must show that appellant violated section 30.02(a)(1) of the Penal Code, which provides:

(a) A person commits an offense if, without the effective consent of the owner, he:

(1) enters a habitation, or building (or any portion of a building) not then open to the public, with intent to commit a felony or theft.

TEX.PENAL CODE ANN. § 30.02(a)(1) (Vernon 1989). Two witnesses, Mr. Davila and Officer Ortiz, identified appellant at or near the scene of the burglary. The building was not open to the public and appellant did not have permission to be in the building.

■ Appellant contends that he was not found with any money taken during the burglary. The State is not obligated to show that appellant possessed any money taken from the building. *See Reyes v. State,* 628 S.W.2d 238 (Tex.App.—San Antonio 1982, no pet.). Mr. Davila testified that he saw appellant enter the building. The State must prove that appellant had intent to commit a felony or a theft. However, "[a]n entry made without consent in the nighttime is presumed to have been made with intent to commit theft." *Mauldin v. State,* 628 S.W.2d 793 (Tex.Crim. App.1982); *see Gutierrez v. State,* 666 S.W.2d 248 (Tex.App—Dallas 1984, pet. ref'd.).

■ Even if appellant did not take any money, he assisted in the commission of the offense. Section 7.02 of the Penal Code provides that

[a] person is criminally responsible for an offense committed by the conduct of another if: ...

(2) acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids or attempts to aid the other person to commit the offense.

TEX. PENAL CODE ANN. § 7.02(a)(2) (Vernon 1974). This can be proved by circumstantial evidence. *Cordova v. State,* 698 S.W.2d 107, 111 (Tex.Crim.App.1985), *cert. denied,* 476 U.S. 1101, 106 S.Ct. 1942, 90 L.Ed.2d 352 (1986). The court may look to events before, during, and after the commission of the offense to determine whether the accused participated as a party. *Cordova,* 698 S.W.2d at 111. Evidence is sufficient under the law of parties if the accused was physically present at the commission of the offense and he encouraged the commission by words or other agreement. *Burdine v. State,* 719 S.W.2d 309, 315 (Tex.Crim.App.1986), *cert. denied,* 480 U.S. 940, 107 S.Ct. 1590, 94 L.Ed.2d 779 (1987). In *Lucio v. State,* 740 S.W.2d 115 (Tex.App.—San Antonio 1987, no pet.), two defendants were tried for and convicted of burglary. The appellate court reversed Lucio's conviction because no one identified him at the scene of the crime. There the State alleged that Lucio had been the "get-away driver."

■ In the case at bar, appellant was identified at the scene. Mr. Davila testified that appellant appeared to be the "look-out person." Appellant's mother and sister testified that appellant was ill in bed during the time the burglary occurred. The trier of fact resolves conflicting testimony. *See Dickey v. State,* 716 S.W.2d 499 (Tex.Crim.App.1986). Applying the appropriate standards of review, we hold that a rational trier of fact could have found appellant guilty beyond a reasonable doubt, and that the trier of fact could have found appellant guilty as a party under section 7.02(a)(2) of the Penal Code. We therefore overrule appellant's second point of error.

In his first point of error, appellant complains that the trial judge erred when he did not disqualify or recuse himself from appellant's case. On the day of trial, appellant's counsel filed a "Motion for Disqualification or Recusal of the Trial Judge." Essentially, appellant alleges that the trial judge would be "so biased and prejudiced" that appellant could not receive a fair trial. He makes this claim because the trial judge had earlier tried a companion case, and therefore, would have knowledge of the alleged offense and the facts previously revealed in the companion case.

■ Our state constitution provides a basis for disqualification of a judge. Article 5, section 11 provides in part:

Sec. 11. No judge shall sit in any case wherein he may be interested, or where either of the parties may be connected with him, either by affinity or consanguinity, within such a degree as may be prescribed by law, or when he shall have been counsel in the case.... When a judge of the District Court is disqualified by any of the causes above stated, the parties may, by consent, appoint a proper person to try said case; or upon their failing to do so, a competent person may be appointed to try the same in the county where it is pending, in such manner as may be prescribed by law.

TEX. CONST. art. IV, § 11. Article 30.01 of the Texas Code of Criminal Procedure provides:

No judge or justice of the peace shall sit in any case where he may be the party injured, or where he has been of counsel for the State or the accused, or where the accused or the party injured may be connected with him by consanguinity or affinity within the third degree.

TEX. CODE CRIM.PROC.ANN. art. 30.01 (Vernon 1989). In a criminal case, one seeking to disqualify the trial judge must urge one or more of the specified grounds in article 30.01. In a civil case, there is more latitude, and specific procedures to follow in attempting to disqualify the trial judge are outlined. *See* TEX.R.CIV.P. 18a, 18b. For example, in a civil case a motion to recuse must be filed ten days prior to trial or hearing. Also, upon the filing of a verified motion seeking a recusal, a different judge will determine the merits of the motion. There are no similar provisions for criminal cases. And, it is unclear whether the civil rules pertaining to disqualification or recusal apply in a criminal matter. *See State ex rel. Millsap v. Lozano*, 692 S.W.2d 470 (Tex.Crim.App.1985, orig. proceeding). The Court of Criminal Appeals said, in effect, that a motion for recusal was not available in criminal matters and invited the legislature to "set up strict requirements for such a motion" and that the civil rules can "furnish guidance for a criminal rule." *McClenan v. State*,

661 S.W.2d 108, 110, n. 2 (Tex.Crim.App. 1983); *see Crawford v. State*, 719 S.W.2d 240 (Tex.App.—Eastland 1986, no pet.).

■ Thus, we hold that a disqualification of a trial judge in a criminal matter must comply with the strict requirements of the constitutional and statutory criminal procedure provisions. "The Court of Criminal Appeals has held that the grounds of disqualification stated in the Texas Constitution [art. V, § 11] and the Code of Criminal Procedure are exclusive." *Ricondo v. State*, 657 S.W.2d 439, 447 (Tex.App.—San Antonio 1983, no pet.) (citing *Ex Parte Largent*, 144 Tex.Crim. 592, 162 S.W.2d 419, 426 (1942) (on motion for rehearing)). "To this list of constitutional prohibitions, the Court of Criminal Appeals has added judicial bias where shown to be of such an extent as to deny a defendant due process of law." *Crawford*, 719 S.W.2d at 242–43, (citing *McClenan*, 661 S.W.2d at 109).

■ Assuming the rule in *McClenan* is still valid, we review the motion and the record. We find no evidence in the record that the trial judge was biased or prejudiced against appellant. Assertions not supported or found in the record cannot be considered by the appellate court. *Herrin v. State*, 525 S.W.2d 27, 29 (Tex.Crim.App. 1975). Appellant contends that the bias and prejudice is shown by trial errors committed by the judge. "Even so, Plaintiffs' remedy was not a motion to recuse; the proper remedy was to assign error on the basis of the adverse rulings. To require recusal, a judge's bias must be extrajudicial and not based upon in-court rulings." *Grider v. Boston Co. Inc.*, 773 S.W.2d 338, 346 (Tex.App.—Dallas 1989, writ denied), citing *United States v. Grinnell Corp.*, 384 U.S. 563, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966). Appellant contends that the judge's bias is reflected by proceeding to trial in his case rather than a murder case, where that defendant was in custody. We find no bias, prejudice, or error in allowing the judge to call the trial docket in a manner he deems appropriate. *Rae v. State*, 423

S.W.2d 587 (Tex.Crim.App.1968); *Clanton v. Clark*, 639 S.W.2d 929 (Tex.1982). "Docket control is exclusively within the province of the trial court, and we cannot usurp that function...." *Dancy v. Daggett*, 809 S.W.2d 629 (Tex.App.—Houston [14th Dist.], 1991, orig. proceeding). Appellant's first point of error is overruled.

The judgment of the trial court is affirmed.

**In re J.S.C.**