Mildred ELAM, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–91–188–CR.

Court of Appeals of Texas,
Austin.

Nov. 18, 1992.

John Goode Haring, San Antonio, for appellant.

Ken Oden, County Atty., Giselle Horton, Asst. County Atty., Austin, for appellee.

Before POWERS, KIDD and ONION,[*] JJ.

ONION, Justice (Assigned).

Appellant Elam appeals her conviction for criminal trespass. Tex. Penal Code Ann. § 30.05 (West 1989 & Supp.1992). After the jury found appellant guilty, the trial court assessed her punishment at confinement in the county jail for forty-five days.

Appellant advances five points of error. First, appellant contends that the trial court was disqualified from sitting because of an inflammatory newspaper advertisement by the Texas Abortion Rights Action League "showing a disqualifying interest in the case and sufficient bias to require recusal." Second, appellant contends that the trial court erred in refusing to permit her the opportunity to make bills of exception before the jury was given the court's charge. Third and fourth, appellant complains that the trial court erred in its remarks to the jury panel for the case, and later to the jurors selected, that the case would be finished that day even if "we stay here" until 1:00 a.m. the next morning. Fifth, appellant argues that the trial court erred in refusing to give a jury instruction on "the justification defense of necessity." Appellant does not challenge the sufficiency of the evidence to sustain her 1990 conviction for criminal trespass on December

9, 1988, at the Ladies Center in Austin, a clinic handling pregnancy terminations.

In her first point of error, appellant contends that the "trial court committed error by sitting in the case after he had allowed the use of his name in connection with a large and highly biased and inflammatory advertisement by the Texas Abortion Rights Action League that appeared on B3 of the Thursday, January 22, 1987, edition of the Austin American–Statesman showing a disqualifying interest in the case and sufficient bias to require recusal."

Article V, § 11 of the Texas Constitution provides:

No judge shall sit in any case wherein he may be interested, or where either of the parties may be connected with him, either by affinity or consanguinity, within such a degree as may be prescribed by law, or when he shall have been counsel in the case.

Tex. Const. art. V, § 11.

No judge or justice of the peace shall sit in any case where he may be the party injured, or where he has been of counsel for the State or the accused, or where the accused or the party injured may be connected with him by consanguinity or affinity within the third degree.

Tex.Code Crim.Proc.Ann. art. 30.01 (West 1989).

■ "The Court of Criminal Appeals has held that the grounds of disqualification stated in the Texas Constitution [art. V, § 11] and the Code of Criminal Procedure are exclusive." *Ricondo v. State,* 657 S.W.2d 439, 447 (Tex.App.—San Antonio 1983, no pet.) (citing *Ex Parte Largent,* 162 S.W.2d 419, 426 (Tex.Crim.App.1942) (on motion for rehearing)). It would appear then that a disqualification of a trial judge in a criminal matter must comply with the strict requirements of the constitutional and statutory criminal procedure provisions. *See Cumpian v. State,* 812 S.W.2d 88, 91 (Tex.App.—San Antonio 1991, no pet.). To the list of constitutional and statutory prohibitions, the Court of Criminal

Appeals has added "judicial bias" so long as it is shown to be of such an extent as to deny a defendant due process of law. *McClenan v. State*, 661 S.W.2d 108, 109 (Tex.Crim.App.1983); *Cumpian*, 812 S.W.2d at 91; *Crawford v. State*, 719 S.W.2d 240, 242–43 (Tex.App.—Eastland 1986, no pet.).

Although it is not altogether clear from appellant's brief, it appears that appellant is relying upon the *McClenan* addition—judicial bias of such extent as to deny a defendant due process of law. In the instant case, there was no motion to disqualify or recuse the trial judge. The issue was not raised at trial in any manner. It has been said, however, that the issue of the disqualification of the trial judge may be raised at any time. *See Gamez v. State*, 737 S.W.2d 315, 318 (Tex.Crim.App.1987); *Cantu v. State*, 802 S.W.2d 349, 350–51 (Tex.App.—San Antonio 1990, pet. ref'd). Appellant asserts that the newspaper advertisement in question was filed with the county clerk sometime after the trial. The State contends that the newspaper advertisement is not in the appellate record. It is certainly not at the page number to which appellant directs our attention, and our own search has failed to uncover the advertisement. If the advertisement was in the record under the circumstances described, it would be doubtful whether this Court could consider the same. *Shields v. State*, 820 S.W.2d 831, 833 (Tex.App.—Waco 1991, no pet.). Just because a document appears in the transcript does not automatically mean that it can be considered a part of the record on appeal. *Id.*

Appellant does describe the advertisement in great detail in her brief as a pro-choice, abortion-type ad. Appellant asserts that the name of "Wilfred Aguilar" appears in this 1987 advertisement as a contributor, and that name "is the fourth name from the top of the left most of six columns of names in the advertisement." Appellant assumes the name "Wilfred Aguilar" in the advertisement automatically refers to the trial judge in this cause. An appellate court cannot accept as fact either allegations or assertions in an appellate brief which are not supported by the record. *See Vanderbilt v. State*, 629

S.W.2d 709, 717 (Tex.Crim.App.1981), *cert. denied*, 456 U.S. 910, 102 S.Ct. 1760, 72 L.Ed.2d 169 (1982). *Beck v. State*, 573 S.W.2d 786, 788 (Tex.Crim.App.1978); *State v. Pierce*, 816 S.W.2d 824, 831 n. 8 (Tex.App.—Austin 1991, no pet.); *Cumpian*, 812 S.W.2d at 91. Under the circumstances presented, we are in no position to apprise appellant's first point of error. The burden is on the appellant to see that a sufficient record is presented to show error requiring reversal. Tex.R.App.P. 50(d). The first point of error is overruled.

In her second point of error, appellant contends that the trial court erred in "closing the door" by refusing her the opportunity to perfect her bills of exception before the jury was given the court's charge. In parentheses after the point of error, reference is made to certain pages of the record apparently where the matter complained of is to be found. *See* Tex. R.App.P. 74(d). Thereafter, however, appellant only cites authorities and offers no argument or such discussion of the facts as may be requisite to maintain the point at issue. *See* Tex.R.App.P. 74(f). Appellant cites two cases. One is a federal case clearly not on point, and the other is a 1965 Texas civil case involving the Texas Rules of Civil Procedure. Appellant does cite Tex.R.Crim.Evid. 103(a)(2) and Tex. R.App.P. 52(b) but does not explain how these rules are applicable to the facts of the instant case. Mere citation of authorities without a discussion of the facts showing error is insufficient argument of the point of error. *Hawkins v. State*, 807 S.W.2d 874, 875 (Tex.App.—Beaumont 1991, pet. ref'd); Tex.R.App.P. 74(f). Moreover, mere reference to record pages does not sufficiently identify the court's actions complained of in an appellate brief. *Cf. Melton v. State*, 713 S.W.2d 107, 114 (Tex.Crim.App.1986). Appellant has failed to properly brief the point of error and nothing is presented for review. *Hernandez v. State*, 817 S.W.2d 744, 746 (Tex. App.—Houston [1st Dist.] 1991, no pet.) (defendant who offered no argument under point of error, merely transcribing verbatim the proceedings at trial, presented nothing for review).

The right to make an offer of proof or to perfect a bill of exception is absolute if the evidence is excluded by the trial court, in light of the fact an appeal may be lost for lack of preservation of error. *Tatum v. State*, 798 S.W.2d 569, 571 (Tex.Crim.App.1990); *Spence v. State*, 758 S.W.2d 597, 599 (Tex.Crim.App.1985). Further, briefing rules are to be construed liberally. *See* Tex.R.App.P. 74(p). Therefore, we have examined the pages of the record to which reference is made. It appears that appellant refers to the refusal of the trial court to permit her to perfect bills of exception as to the testimony of two witnesses, although one is not named. Father Robert Becker, a Catholic priest, was called as a defense witness. When he was asked what he understood as a Catholic priest to be "the morality of being at a Rescue (apparently a sit-in at an abortion clinic)," the trial court sustained the State's objection on the basis of relevancy. When the appellant asked to perfect a bill of exception, the trial court refused, pointing out that the information sought had already been preserved for appeal in a pretrial hearing. Appellant then asked about perfecting a bill of exception regarding her "next witness." "I would also like for him to give medical testimony, again, for the sake of [sic] if I want to appeal it, so that I can use him." Again, the trial court pointed out that the medical testimony was presented at a pretrial hearing. The offer to make the bill of exception was refused. Appellant, although appearing pro se, did not dispute that the matters were covered at the time of the pretrial hearing and never contended that her proposed bills of exception would relate to matters outside the pretrial record. Appellant never offered to supplement the pretrial records with an offer of proof in the form of a concise statement. *See Allridge v. State*, No. 69,838, slip op. at 43–44, 1991 WL 235159 (Tex.Crim.App. Nov. 13, 1991) (motion for rehearing pending); Tex.R.App.P. 52(b).

It would not appear that the trial court is required to permit a bill of exception if the matter, without dispute, has already been preserved for appeal. *Cf.* Tex.R.Crim.Evid. 103(a)(2). Appellant, however, has failed to bring the record of the pretrial hearing forward in this appellate record. The burden is on the appellant to see that a sufficient record is presented to show error requiring reversal. *See* Tex.R.App.P. 50(d). Appellant's second point of error is overruled.

In her third point of error, appellant complains of the trial court's remarks to the panel of prospective jurors. During the course of the voir dire examination, and after the State had completed its examination of the venire panel, the trial court declared a five-minute recess. In the course of his remarks to the jury panel prior to the recess, the trial court stated:

*We're going to finish this case today whether or not we stay here until 7:00 o'clock or 9:00 o'clock or 10:00 o'clock or 1:00 o'clock, we are going to finish it today. Okay?* I want you to know that up front because this ... there's a reason—for some reason or not that you cannot be here this evening they need to know that and they need to take that into account. Okay? All right. Let's break for five minutes.

In her point of error, appellant excerpts the portion italicized above and claims such remarks were improper. Appellant did not object to the remarks and did not preserve any complaint for review. Tex.R.App.P. 52(a). Any error was waived. *Sharpe v. State*, 648 S.W.2d 705, 706 (Tex. Crim.App.1983).

On appeal, appellant attempts to rely upon Tex.Code Crim.Proc.Ann. art. 38.05 (West 1979). Even if the appellant had preserved error by timely objecting on the basis of art. 38.05, no error would have been presented. To constitute reversible error, the judge's comment must have been reasonably calculated to benefit the State or prejudice the defendant. *McClory v. State*, 510 S.W.2d 932, 934 (Tex.Crim.App. 1974). This did not occur here. The third point of error is overruled.

In her fourth point of error, appellant complains of the trial court's remarks to the jury after it was empaneled. After the jury was given several pages of in-

structions, the trial court at 12:20 p.m. declared a lunch recess. The trial court then told the jury:

> We're going to reconvene at 2:00 o'clock. That will give you plenty of time to eat. One reason why I'm giving you an hour and 40 minutes, more or less, is because I want you to make whatever arrangement you need to make for this evening in case we do have to stay late. *As I said "We're going to finish this case today." I have another trial that's starting tomorrow and I must finish today. I don't expect us, in truth, to be here until 1:00 o'clock this morning. But that's the most I can say. Okay?*

Appellant complains of the italicized portion of the remarks above. Here again, there was no objection to the remarks which would preserve any complaint for review. *See* Tex.R.App.P. 52(a). Appellant's fourth point of error is overruled.

In her fifth and last point of error, appellant contends that the trial court erred in refusing to instruct the jury on the justification defense of necessity. Appellant does not challenge the sufficiency of the evidence to sustain her conviction, but urges that the trial court erred in denying her requested charge on the defense of necessity.

The defense of necessity requires a showing that:

(1) the actor reasonably believes the conduct is immediately necessary to avoid imminent harm;

(2) the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by law prescribing [sic] the conduct; and

(3) a legislative purpose to exclude the justification claimed for the conduct does not otherwise plainly appear.[1]

Tex. Penal Code Ann. § 9.22 (West 1974); *Moses v. State*, 814 S.W.2d 437, 440 (Tex. App.—Austin 1991, pet. ref'd).

▪ A defendant is entitled to a jury instruction on every defensive issue raised by the evidence, *Thomas v. State*, 678 S.W.2d 82, 84–85 (Tex.Crim.App.1984), but is not entitled to an instruction on an issue that was not raised by the evidence. *Neaves v. State*, 725 S.W.2d 785, 789–90 (Tex.App.—San Antonio 1987), *aff'd*, 767 S.W.2d 784 (Tex.Crim.App.1989).

▪ To establish that she was entitled to the defense of necessity, appellant would have to demonstrate that she met all elements of the defense. *Roy v. State*, 552 S.W.2d 827, 830–31 (Tex.Crim.App.1977), *overruled on other grounds, Johnson v. State*, 650 S.W.2d 414, 416 (Tex.Crim.App. 1983); *Erlandson v. State*, 763 S.W.2d 845, 851–52 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd).

▪ The Practice Commentary to section 9.22 recognizes that the statute contemplates a case-by-case balancing in assessing competing harms: the harm the defendant perceives and seeks to prevent must "clearly outweigh" the harm which will result from her acting in violation of another law, in this case, the criminal trespass statute (Tex. Penal Code Ann. § 30.-05). *See* Seth Searcy & James Patterson, Practice Commentary, Tex. Penal Code Ann. § 9.22 (Vernon 1974). Moreover, the predicate requirement for invoking this justification is that the harm the actor assertedly seeks to prevent must first be a legal harm. *Reed v. State*, 794 S.W.2d 806, 810 (Tex.App.—Houston [14th Dist.] 1990, pet. ref'd); *see also Moses*, 814 S.W.2d at 441; *Brumley v. State*, 804 S.W.2d 659, 661 (Tex.App.—Amarillo 1991, no pet.).

▪ Nothing in the record shows that the Ladies Center or its staff were acting except within the bounds of the law, or that its patients were not exercising rights accorded them constitutionally or by law. *See Bobo v. State*, 757 S.W.2d 58, 63 (Tex. App.—Houston [14th Dist.] 1988, pet. ref'd), *cert. denied*, 490 U.S. 1066, 109 S.Ct. 2066, 104 L.Ed.2d 631 (1989); *Brady v. Doe*, 598 S.W.2d 338, 339 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.), *cert. denied*, 449 U.S. 1081, 101 S.Ct. 864,

---

1. The issue of plain legislative purpose to exclude justification for complained of conduct is one of law, and the jury may not consider it.

*Williams v. State*, 630 S.W.2d 640, 643 (Tex. Crim.App.1982).

66 L.Ed.2d 805 (1981); *see also Moses*, 814 S.W.2d at 441. Appellant's personal beliefs or a suggestion of the possibility of harm will not suffice to outweigh the status of the law at the time in question. *See Schermbeck v. State*, 690 S.W.2d 315, 317–18 (Tex.App.—Dallas 1985, no pet.); *Erlandson*, 763 S.W.2d at 852; *Bobo*, 757 S.W.2d at 63. Accordingly, the evidence does not demonstrate that the harm to the clinic's patients or the unborn clearly outweighed the harm caused by appellant's acknowledged trespass at the clinic. The trial court did not err in refusing to charge on the defense of necessity. Appellant's fifth point of error is overruled.

The judgment of conviction is affirmed.

POWERS, J., not participating.