Affirmed and Memorandum Opinion filed June 19, 2007








Affirmed and Memorandum Opinion filed June 19, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00527-CR

____________

 

LESLIE BRADFORD, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 183rd
District Court

Harris County, Texas

Trial Court Cause No. 1021255

 



 

M E M O R A N D U M   O P I N I O N

Appellant Leslie Bradford was convicted of theft and
sentenced to sixteen months in jail.  In four issues, appellant challenges the
legal and factual sufficiency of the evidence to support the conviction and
alleges her counsel provided ineffective assistance.  We affirm.

                                                I.  Background








On March 25, 2005, appellant, her daughter, and a friend
were arrested for shoplifting  thirty-eight items of clothing from a Dillard=s Department
Store.  Surveillance cameras recorded the three women selecting items in the
infant=s department and
then the other two putting some of them in a shopping bag while appellant
looked around.  The three women then went to the women=s department,
where all three selected items that the other two took into a dressing room and
placed in shopping bags.  They then left the store, with appellant trailing
behind the two others, who were carrying all the stolen merchandise.  They were
stopped and detained as they were leaving the store.  The store=s merchandise
manager testified that the total value of the stolen merchandise was between
$1,500 and $20,000.

At trial, appellant did not testify, but her daughter did. 
Appellant=s daughter insisted that appellant was not involved in
the theft and that she was not serving as a look out.  She further emphasized that
the stolen women=s clothing was not appellant=s size.

The jury charge authorized conviction if the jury concluded
appellant acted as a party to the theft.  The jury convicted appellant, and the
trial court entered an agreed sentence of sixteen months in state jail.  On
appeal, appellant argues that (1) the evidence is legally and factually
insufficient to show she committed theft as a party, (2) the evidence is
legally insufficient to prove the value of the stolen items, and (3) her
counsel was ineffective in failing to object to certain jurors during voir
dire.

                                                    II.  Analysis

1. 
Sufficiency of the Evidence








In evaluating a legal sufficiency claim attacking a jury=s finding of
guilt, we view the evidence in the light most favorable to the verdict.  Wesbrook
v. State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000).  We do not ask whether
we believe the evidence at trial established guilt beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 318B19 (1979). 
Rather, we determine only whether a rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt.  Cardenas v.
State, 30 S.W.3d 384, 389 (Tex. Crim. App. 2000).  In our review, we accord
great deference A >to the
responsibility of the trier of fact [to fairly] resolve conflicts in the
testimony, to weigh the evidence, and to draw reasonable inferences from basic
facts to ultimate facts.= @  Clewis v.
State, 922 S.W.2d 126, 133 (Tex. Crim. App. 1996) (quoting Jackson,
443 U.S. at 319).     In conducting
a factual sufficiency review of the jury=s determination,
we do not view the evidence Ain the light most favorable to the
prosecution.@  Cain v. State, 958 S.W.2d 404, 407 (Tex.
Crim. App. 1997).  Rather, we look at all evidence in a neutral light and will
reverse only if (1) the evidence is so weak that the finding seems clearly
wrong and manifestly unjust or, (2) considering conflicting evidence, the
finding, though legally sufficient, is nevertheless against the great weight
and preponderance of the evidence.  See Watson v. State, 204 S.W.3d 404,
414B15 (Tex. Crim.
App. 2006).  However, it is not enough that we may harbor a subjective level of
reasonable doubt to overturn a finding that is founded on legally sufficient
evidence.  See id. at 417.  We cannot conclude that a finding is Aclearly wrong@ or Amanifestly unjust@ simply because,
on the quantum of evidence admitted, we would have voted differently had we
been the fact finder.  See id.  Nor can we declare that a conflict in
the evidence justifies a new trial simply because we may disagree with the fact
finder=s resolution of
that conflict.  See id.  Rather, before ordering a new trial, we must
first be able to say, with some objective basis in the record, that the great
weight and preponderance of the (albeit legally sufficient) evidence
contradicts the verdict.  See id.

a.  Theft as a Party








A person commits the offense of theft if she unlawfully
appropriates property with the intent to deprive the owner of the property.  Tex. Penal Code Ann. ' 31.03(a) (Vernon
Supp. 2006).  The jury convicted appellant on a jury charge that included a
law-of-parties instruction.  A person is criminally responsible for the offense
of another, and thus can be convicted as a party, if, acting with intent to
promote or assist the commission of the offense, she solicits, encourages,
directs, aids, or attempts to aid the other person committing the offense.  Id.
' 7.02(a)(2)
(Vernon 2003).  AEvidence is sufficient to convict under
the law of parties where the defendant is physically present at the commission
of the offense and encourages its commission by words or other agreement.@  Ransom v.
State, 920 S.W.2d 288, 302 (Tex. Crim. App. 1996); accord Davis v. State, 195 S.W.3d 311, 320 (Tex. App.CHouston [14th Dist.] 2006, no pet.). 
Though mere presence does not automatically make one a party to a crime, it is
a circumstance tending to prove party status and, when considered with other
facts, may be sufficient to prove that the defendant was a participant.  Davis,
195 S.W.3d at 320.  In determining whether the defendant acted as a party, we
review events occurring before, during, and after the offense.  Id.

In her first and second issues, appellant argues the
evidence is legally and factually insufficient to convict her as a party.  She
argues that she was merely present during the theft but emphasizes that she did
not place any items into the shopping bags or actually remove any items from
the store.  Appellant also stresses that the clothing items were not her size, that
she walked ten to fifteen feet behind the other two women as they left the
store, and that her daughter testified she was innocent.  It was the jury=s role to
determine which witnesses to believe and to resolve conflicts in the evidence. 
Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  The jury
could have reasonably concluded, based on viewing the surveillance video that
showed appellant looking around while her two companions put unpaid items into shopping
bags, that she was acting as a lookout.  Moreover, appellant personally
selected some of the items that were eventually stolen.  Furthermore, the three
women knew each other, came to the store together, spoke to one another,
shopped together, and left together.  This shows much greater involvement than
mere presence at a crime scene.  We conclude the evidence is legally and
factually sufficient to support appellant=s conviction as a
party to the theft.  See Felters v. State, 147 S.W.3d 488, 490B91 (Tex. App.CFort Worth 2004, pet. ref=d) (finding
evidence that defendant did not remove items from the store or put them in
shopping bags but selected items and acted as a lookout for shoplifting friends
she arrived and departed with legally and factually sufficient to support
conviction as a party); see also Cumpian v. State, 812 S.W.2d 88,
90 (Tex. App.CSan Antonio 1991, no pet.)
(concluding that defendant who is a lookout is a party to the offense). 
Therefore, we overrule appellant=s first and second
issues.

b.  Value








Appellant was indicted for theft of property valued at
$1,500 but less than $20,000, which is a state jail felony.  See Tex. Penal Code Ann. ' 31.03(e)(4)(A). 
The Penal Code provides one measure of value as Athe fair market
value of the property . . . at the time and place of the offense.@  Id. ' 31.08(a)(1)
(Vernon 2003).  The property owner is competent to testify as to value and is
presumed to be testifying to the fair market value of the property.  See
Valdez v. State, 116 S.W.3d 94, 98 (Tex. App.CHouston [14th
Dist.] 2002, pet. ref=d).

In her third issue, appellant claims the evidence is
legally insufficient to prove the value of the stolen items because the
evidence conflicted as to the value.  The store=s merchandise
manager, the property owner in this case, testified that the value of the
stolen items was over $1,500 and less than $20,000.  Appellant points out that
the surveillance video shows that some of the clothing stolen from the infant=s department was
taken from a display marked A75% off@ and that the sale
price should have been used in calculating the value.  However, the merchandise
manager testified that she assisted in preparing the inventory of stolen items
and that the value listed on the inventory, upon which she based her trial
testimony, would have included any sale price.  We find this evidence legally
sufficient to support a finding that stolen items were valued between $1,500
and $20,000, and we overrule appellant=s third issue.

2. 
Ineffective Assistance of Counsel

In her fourth issue, appellant alleges ineffective
assistance of counsel during voir dire.  Ineffective assistance claims are
governed by the two-pronged test announced in Strickland v. Washington,
466 U.S. 668 (1984).  To prove ineffective assistance, appellant must show (1)
that counsel=s representation was deficient, falling below the
standard of prevailing professional norms, and (2) a reasonable probability
that the result of the proceeding would have been different but for trial
counsel=s deficient
performance.  Id. at 687B96; Salinas v. State, 163 S.W.3d
734, 740 (Tex. Crim. App. 2005).  Appellant bears the burden of proving
ineffective assistance by a preponderance of the evidence.  Rodriguez v.
State, 899 S.W.2d 658, 665 (Tex. Crim. App. 1995).








Appellant argues her counsel was ineffective in failing to
timely challenge for cause some jurors who said they could not consider the
full range of punishment, forcing him to use peremptory strikes on those jurors
instead of other objectionable jurors.  When complaining about the failure to
strike a juror for cause, either when alleging ineffective assistance in not
requesting the strike or claiming the trial court erred in denying it, the
appellant must at least specifically identify an objectionable juror who
remained on the jury because of the error.  See Martinez v. State, 17
S.W.3d 677, 682 (Tex. Crim. App. 2000) (stating that appellant must identify
objectionable juror he would have otherwise stricken to complain about trial
court=s refusal to grant
challenge for cause); Bridge v. State, 726 S.W.2d 558, 572 (Tex. Crim.
App. 1986) (rejecting ineffective assistance claim based on deficient voir
dire, noting that appellant=s claim presents nothing for review
because he did not identify specific objectionable jurors).  Appellant does not
identify either the jurors who she was forced to strike or the allegedly
objectionable jurors who remained as a result.   Further, appellant has not
even attempted to show how the outcome would have been different had her
counsel performed better during voir dire.  See Williams v. State,
970 S.W.2d 182, 184 (Tex. App.CHouston [14th Dist.] 1998, pet. ref=d) (noting that
appellant was unable Ato show us how the result of the
proceeding would have been different if his counsel had conducted a more
effective voir dire examination@); see also Strickland, 466 U.S. at
687B96.  Thus,
appellant has not met her burden of proving ineffective assistance of counsel
by a preponderance of the evidence, and we overrule her fourth issue.

Having overruled appellant=s four issues, we
affirm the trial court=s judgment.

 

 

 

/s/      Leslie B. Yates

Justice

 

 

 

Judgment rendered
and Memorandum Opinion filed June 19, 2007.

Panel consists of
Justices Yates, Anderson, and Hudson.

Do Not Publish C Tex. R. App. P. 47.2(b).