**Affirmed as Reformed and Memorandum Opinion filed November 22, 2016.**



In The

# Fourteenth Court of Appeals

## NO. 14-15-00522-CR

### JOSHUA EUGENE PLASTER, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 149th District Court
Brazoria County, Texas
Trial Court Cause No. 73810**

## M E M O R A N D U M    O P I N I O N

A jury convicted appellant of aggravated robbery with a deadly weapon. Appellant pled true to the enhancement allegation and the jury sentenced him to confinement for fifteen years. Appellant brings this appeal raising (1) error in the admission of evidence; (2) charge error; and (3) insufficient evidence. For the reasons set forth below, we affirm the judgment of the trial court as reformed.

## I. SUFFICIENCY OF THE EVIDENCE

We first address appellant's third issue because it challenges the sufficiency of the evidence and seeks rendition of a judgment of acquittal. Appellant argues the State failed to prove beyond a reasonable doubt that he was a party to the offense.

A person may be charged with an offense as a principal, a direct party, or a co-conspirator. *See* Tex. Penal Code Ann. § 7.01 (West 2011) (person is "criminally responsible" if offense is committed by his own conduct or by the "conduct of another for which he is criminally responsible"); Tex. Penal Code Ann. § 7.02(a)(2) (West 2011) (describing criminal responsibility for direct party).

In determining sufficiency of the evidence, we consider all the evidence, both direct and circumstantial, and any reasonable inferences which can be drawn from the evidence. *See Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). The jury is the sole judge of the credibility of the witnesses and the evidence presented. *See Villani v. State*, 116 S.W.3d 297, 301 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd.). We view all evidence in the light most favorable to the verdict and determine, based on that evidence and any reasonable inferences therefrom, whether any rational fact finder could have found the elements of the offense beyond a reasonable doubt. *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011). We do not sit as the thirteenth juror and may not substitute our judgment for that of the fact finder by re-evaluating the weight and credibility of the evidence. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). We defer to the jury's responsibility to fairly resolve conflicts in testimony, weigh the evidence, and draw all reasonable inferences from basic facts to ultimate facts. *Id.* Our duty as reviewing court is to ensure the evidence presented actually supports a conclusion that the defendant committed the crime. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

We now set forth the evidence presented relevant to appellant's complaint that the

State failed to prove beyond a reasonable doubt that he acted as a party to the offense. Sarah Stevenson was working at an Exxon gas station and convenience store when two men entered. Both men were wearing bandanas, caps, long-sleeve shirts and pants. Stevenson later recognized one of the men as Anthony Plaster, who had been in the store on an earlier occasion with his girlfriend. While the other man looked out the door and watched the store, Anthony came behind the counter and asked for the money. He had a knife or box cutter and Stevenson testified that she was scared of being hurt. Anthony took the cash from the register, a cigar box from under the register used to store cash, and some cigarettes. Stevenson did not recognize the lookout or hear his voice, but she heard Anthony say, "Watch my back, Steven." Officer Kristy Mercado testified that not using someone's real name would be a method to conceal an identity. Stevenson did not see the lookout with a weapon. Stevenson called the police after the men left. She later picked Anthony, but not appellant, out of a line-up. Anthony was arrested after Stevenson identified him.

Margaret Davis testified that at the time of the robbery she was living with appellant and his brother Anthony. On that day, she and Anthony argued over finances. Anthony subsequently left with appellant. Davis did not know exactly what they were wearing but testified they wore shorts and t-shirts. They returned with Elijah Sims and Anthony told Davis to pack her bags. Davis could not recall what they were wearing upon their return. Elijah then drove them to a motel where Anthony and appellant each gave Davis money and she paid for two rooms. Davis and Anthony shared a room while appellant had his own room. Davis and Anthony argued again at the hotel and Anthony told her that he got the money for the hotel by robbing an Exxon store in Freeport with his brother. Davis later overheard appellant ask Anthony, "Why did you tell her?" Davis admitted that she did not hear the entire conversation and only related this information

3

to police after Detective Mercado told her that she needed to tell the truth or her children could be taken away.

A video of Lieutenant Raymond Garivey's interview of appellant was played before the jury. Appellant initially denied being with his brother the day of the robbery. He later admitted that he, Anthony and Margaret went to the hotel that day.

A recording of a phone conversation from jail between appellant and Sarah Page, Anthony's ex-girlfriend, was admitted into evidence. Page told appellant that she knew Anthony put him up to the robbery. Appellant denied it but admitted his brother "encouraged" him.

From Stevenson's testimony, the jury could have found the man with Anthony was acting as a lookout. The jury heard evidence that Anthony told Davis that he and appellant robbed the store and that appellant subsequently said, "Why did you tell her?" The evidence showed that appellant and Anthony were together before, during, and after the robbery. Based on the evidence, a rational trier of fact could have concluded that appellant acted as a lookout with the intent to assist the commission of the offense by aiding or attempting to aid Anthony in committing the offense. *See Cumpian v. State*, 812 S.W.2d 88, 90 (Tex. App.—San Antonio 1991, no pet.) (holding evidence was sufficient to support conviction for burglary of a building under the law of parties where the defendant appeared to be the "look-out person"). Viewing the evidence in its entirety, the evidence was legally sufficient to support appellant's conviction under the law of parties. Issue three is overruled.

## II.    ADMISSION OF EVIDENCE

In his first issue, appellant contends the trial court erred by admitting the hearsay statements of Anthony, an alleged co-defendant. The record reflects appellant made a hearsay objection to Davis's testimony that Anthony told her that they robbed the store.

4

Anthony's statement to Davis is hearsay because it is an out-of-court assertion offered to prove the truth of the matter asserted. *See* Tex. R. Evid. 801(d). However, it is also a statement against penal interest, which is an exception to the hearsay rule. *See* Tex. R. Evid. 803(24). Statements against penal interest can inculpate both the declarant and a third party, such as a co-defendant. *Dewberry v. State*, 4 S.W.3d 735, 751 (Tex. Crim. App. 1999). A statement against interest includes a statement which, at the time of its making, so far tended to subject the declarant to criminal liability that a reasonable person in the declarant's position would not have made the statement unless believing it to be true. *Id*. There are two requirements for admissibility of such a statement. *Walter v. State*, 267 S.W.3d 883, 890–91 (Tex. Crim. App. 2008). "First, the trial court must determine whether the statement, considering all the circumstances, subjects the declarant to criminal liability and whether the declarant realized this when he made that statement. Second, the court must determine whether there are sufficient corroborating circumstances that clearly indicate the trustworthiness of the statement." *Id.* (citations and footnotes omitted). The burden is on the proponent of the statement to make this showing. *Davis v. State*, 872 S.W.2d 743, 747 (Tex. Crim. App. 1994). Whether the burden has been satisfied is entrusted to the sound discretion of the trial court. *Cunningham v. State*, 877 S.W.2d 310, 313 (Tex. Crim. App. 1994).

Anthony's admission to Davis that he and appellant robbed the store subjected Anthony to criminal liability. *Cf. Trevino v. State*, 218 S.W.3d 234, 239–40 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (finding co-defendant's statement implicating defendant was not inculpatory but an attempt to shift the blame and therefore did not fall under the admission against interest exception to the hearsay rule). The disserving nature of Anthony's statement when it was made is obvious. *See Walter*, 267 S.W.3d at 891 n.26. Anthony's statement was corroborated by Stevenson's identification of Anthony as the person who threatened her and removed property from

the store. It was also corroborated by Anthony's additional statement to Davis that he robbed the store. Thus the challenged statement was sufficiently against Anthony's penal interest as to be realized by him and was corroborated by other evidence indicating its trustworthiness. Accordingly, the trial court did not abuse its discretion in admitting the evidence. Issue one is overruled.

### III.   CHARGE ERROR

Appellant's second issue asserts the jury charge failed to properly apply the law of parties. The record reflects the charge of the court defined the law of parties in the abstract portion of the charge but wholly failed to mention or reference that law in the application paragraph. Accordingly, the charge was erroneous. *See Vasquez v. State,* 389 S.W. 3d 361, 369 (Tex. Crim. App. 2012) (citing *Plata v. State*, 926 S.W.2d 300, 304 (Tex. Crim. App. 1996), *overruled on other grounds by Malik v. State*, 953 S.W.2d 234 (Tex. Crim. App. 1997)).[1]

The record reflects, and appellant concedes, no objection was made to the court's charge. Therefore, any harm must be egregious to require reversal. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g). An egregious harm analysis considers: (1) the entire jury charge; (2) the state of the evidence including the contested issues and the weight of the probative evidence; (3) the arguments of the parties; and (4) any other relevant information revealed by the record of the trial as a whole. *Id*. Jury charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *Id*. Egregious harm is a difficult standard to prove. *Taylor v. State*, 332 S.W.3d 483, 489 (Tex. Crim. App. 2011).

Under the first *Almanza* factor, we examine the entire jury charge. In this case,

---

[1] The State does not claim otherwise in its brief.

the charge contains four paragraphs, two paragraphs above the application paragraph, correctly defining criminal responsibility as a party based on the conduct of another. A reasonable jury would refer to the abstract definition of the law of parties without the necessity of it being repeated in the application paragraph. *See Vasquez*, 389 S.W.3d at 371.

Under the second *Almanza* factor, we examine the evidence at trial. The only theory of appellant's liability offered by the State at trial was as a party to the offense. According to the State's evidence, appellant acted as the lookout. There was no evidence appellant threatened Stevenson or took any property from the store. From this evidence, the jury could have reasonably inferred that appellant aided Anthony in committing the offense. *See id.* (finding a reasonable jury could conclude the defendant aided in carrying out the robbery scheme by acting as the getaway driver).

Under the third *Almanza* factor, we examine the arguments of counsel at trial. During its closing argument, the State explained the law of parties and what proof was required to show appellant was a party and argued appellant was guilty as a party. Although appellant's counsel did not discuss the law of the parties *per se*, he argued the State failed to prove beyond a reasonable doubt that appellant was "the second person" — the one without "some sort of bladed instrument." Because none of the arguments suggested appellant might be guilty as a principal, there was no danger of confusion. *See id.* at 372 (concluding that if the law of parties is the focus of the evidence and is correctly argued, it is unlikely that any error in failing to repeat the definitional language in the application paragraph makes any practical difference to the jury).

Finally, under the last *Almanza* factor, we consider any other relevant information revealed by the trial record as a whole. During voir dire, the State explained the law of the parties and provided examples.

After reviewing the record, we conclude that the jury could not have been misled

by the court's charge. Applying the *Almanza* analysis, we hold that appellant's rights were not harmed by the trial court's error failing to include the appropriate language regarding party liability in the application paragraph of the jury charge. *See Perez v. State*, 08-12-00340-CR, 2015 WL 4940375, at *1 (Tex. App.—El Paso Aug. 19, 2015, no pet., not yet released for publication); *Williams v. State*, 01-12-00040-CR, 2013 WL 485809, at *6–8 (Tex. App.—Houston [1st Dist.] Feb. 7, 2013, no pet.) (mem. op.) (not designated for publication). Appellant's second issue is overruled.

## IV. CONCLUSION

Our review of the judgment reflects it incorrectly states "N/A" in regards to the enhancement allegation. Accordingly, we reform the judgment to reflect that (1) appellant pled true to the allegation contained in the enhancement paragraph; and (2) the allegation contained in the enhancement paragraph is true. As reformed, we affirm the trial court's judgment.


/s/     John Donovan
        Justice


Panel consists of Justices Busby, Donovan, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).