Manuel ZAMBRANO,
Petitioner-Appellant,

v.

W. J. ESTELLE, Jr., Director, Texas
Department of Corrections,
Respondent-Appellee.

No. 74–3042
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 4, 1975.

James H. Randals, Staff Counsel for Inmates, TDC, Huntsville, Tex., for petitioner-appellant.

John L. Hill, Atty. Gen., Andrew W. Carruthers, Merrill Finnell, Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

Before COLEMAN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

Appellant, represented by court-appointed counsel, was convicted by a jury of rape and sentenced to fifty years imprisonment. The conviction was affirmed in Zambrano v. State, 478 S.W.2d 500 (Tex.Cr.App., 1972).

In his habeas petition appellant raised grounds for relief which had been presented on direct appeal. He contended that after a jury had been impanelled to try him and two co-defendants, one of the co-defendants, Castillo, entered a plea of guilty in the jury's presence. Appellant moved for a mistrial, which was denied. Castillo moved for a severance, which was denied. The appellant objected to any further proceedings on the guilty plea conducted in the jury's presence. The objection was overruled. Appellant contends that Castillo's guilty plea so prejudiced the jury against him as to deprive him of a fair trial.

The District Court denied the petition, finding that although the trial court erred in denying the mistrial, the evidence against appellant was so strong that the error was harmless beyond a reasonable doubt.

In Loftis v. Beto, 5 Cir., 1971, 450 F.2d 599, this Court held that error in allowing a co-defendant to plead guilty in the jury's presence is harmless if the evidence leaves no room for any reasonable doubt as to guilt. See, also, Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); Stubbs v. Wainwright, 5 Cir., 1972, 468 F.2d 248.

In the present case, a reading of the trial transcript reveals such overwhelming evidence of guilt as to leave no room for reasonable doubt. As the District Court found, the victims were subjected to an ordeal of several hours by the defendants; identification was positive; the victims also identified the automobile; the defendants offered no defense.

The denial of habeas relief is

Affirmed.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.