**John Manuel CANTU, Appellant,**

v.

**The STATE of Texas, Appellee.**

Nos. 01–85–0533–CR, 01–85–0534–CR and 01–85–0535–CR.

Court of Appeals of Texas, Houston (1st Dist.).

July 3, 1986.

Rehearing Denied Aug. 14, 1986.

Bill Howell, Manvel, for appellant.

Jim Maple, Brazoria County Dist. Atty., Angleton, Jim Turner, Brazoria County Asst. Dist. Atty., Angleton, for appellee.

Before EVANS, C.J., and JACK SMITH and WARREN, JJ.

## OPINION

WARREN, Justice.

A jury found appellant guilty of aggravated sexual assault and two offenses of aggravated kidnapping, found enhancement paragraphs to each offense true, and assessed his punishment at 99 years confinement.

In five grounds of error appellant claims that he was denied a fair trial because of being tried jointly with a codefendant who pled guilty after the trial began.

Appellant and his co-defendant agreed to a joint trial. Both plead not guilty, but after the first State's witness finished testifying the co-defendant announced in open court that he wished to change his plea to guilty. After the jury was removed from the courtroom, the co-defendant was admonished, and appellant made a motion for a mistrial, which the court denied.

Appellant claims these grounds of error:

(1) The trial judge erred in failing to grant appellant a mistrial after the co-defendant changed his plea to guilty;

(2) The trial judge erred in refusing to grant a severance after the co-defendant changed his plea to guilty;

(3) The trial judge erred in failing to take any action to minimize the harm caused by the co-defendant's plea of guilty in front of the jury;

(4) The trial judge gave improper instructions to the jury on the law of parties; and

(5) The trial judge erred in failing to grant appellant's objection to the charge,

which instructed the jury to find appellant guilty in each case.

Appellant argues all five grounds of error together and basically contends that (1) appellant did not receive a fair trial because the court required him to continue the trial after the co-defendant changed his plea to guilty, and (2) that the court should not have given the jury a charge on the law of parties because it was tantamount to instructing the jury to find him guilty.

First, we note that the evidence of appellant's guilt is overwhelming. Appellant and his co-defendant abducted the two female complainants at gunpoint as they were entering a nightclub in Brazoria County. Appellant, by brandishing a pistol, forced one of the complainants to drive into a secluded boat ramp. While appellant was forcing one of the complainants to perform oral sodomy, the other complainant attempted to escape, but the co-defendant caught her and attempted to persuade her to have sex with him.

Appellant next directed the driver to drive into a subdivision near Lake Jackson. When they arrived, one of the complainants again attempted to escape and this time she was successful. She ran to a nearby house and called the police. The remaining complainant was forced to drive to a nearby T.D.C. Unit. Appellant ripped off her clothes, proceeded to have anal intercourse with her, and then forced her to once again perform oral sodomy. The police spotted the vehicle shortly thereafter, freed the complainant, and apprehended appellant, whose shirt was unbuttoned and pants unzipped. The two complainants' testimony, as well as that of the other State's witnesses, was definite and unimpeached.

Although both of the parties' conduct was depraved, appellant's conduct was even more disgusting than that of his codefendant.

■ After reviewing the testimony, we can not perceive any harm suffered by appellant because of being required to continue the trial after his co-defendant changed his plea to guilty.

The record reveals that appellant did ask for a mistrial but did not request a severance, so we will consider only whether a mistrial should have been granted. The cases cited by appellant generally state that a defendant is entitled to a fair trial, and should be tried separately from a codefendant when their defenses are antagonistic, but they do not help in our case. Neither co-defendant's defense was antagonistic to the other. In truth, neither mounted much of a defense. Appellant presented no evidence at trial in support of his motion for mistrial, nor does he tell us how he was prejudiced. Neither defendant testified, neither presented evidence harmful to the other, and both defendants had prior convictions.

In *Zambrano v. State*, 478 S.W.2d 500 (Tex.Crim.App.1972), there were three co-defendants, Castillo, Garza, and Zambrano. At their arraignment, Garza and Zambrano entered pleas of not guilty. Castillo refused to plead, so the judge entered a plea of not guilty. The next morning, after the indictment was read, Castillo changed his plea to guilty, but Garza and Zambrano entered pleas of not guilty before the jury. Garza and Zambrano both asked for mistrials, but there motions were denied. The court held that there was no reversible error in overruling the motions for mistrial or in causing the three co-defendants to be tried together.

The Fifth Circuit also addressed this same issue in *Zambrano v. Estelle*, 514 F.2d 63, 63 (5th Cir.1975), and concluded that error in allowing a co-defendant to plead guilty in the jury's presence is harmless if the evidence leaves no room for any reasonable doubt as to guilt. *Id.* at 63.

In the instant case, as in *Zambrano*, " ... a reading of the trial transcript reveals such overwhelming evidence of guilt as to leave no room for reasonable doubt ... the victims were subjected to an ordeal of several hours by the defendants; identification was positive; ..." *Id.* at 63.

Appellant's first and second grounds of error are overruled.

The third, fourth, and fifth grounds of error allege that the trial court erred in instructing the jury on the law of parties, to which appellant objected, because the cumulative effect of the jury hearing the co-defendant plead guilty when added to the instruction on the law of parties amounted to an instruction by the trial court for a directed verdict against the appellant.

Among the various instructions included in the charge to the jury, the trial court instructed:

All persons are parties to an offense who are guilty of acting together in the commission of an offense. A person is criminally responsible as a party to an offense if committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both.

A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense.

Before you would be warranted in convicting the defendant, John Manuel Cantu, of Aggravated Sexual Assault, you must unanimously agree and find beyond a reasonable doubt one of the following: that the defendant, acting alone or as a party with George Franklin Bonner, Jr. intentionally or knowingly caused the penetration of the mouth of [complainant] by placing his sexual organ or, if acting as a party, placing the sexual organ of one of them in the mouth of [complainant].

Those instructions track the statutory language found in Tex.Penal Code Ann. sec. 7.01(a), 7.02(a)(2)(Vernon 1974).

■ Although an accused is charged by indictment or information and held to answer for doing a criminal act himself, if the evidence supports a charge on the law of parties, the court may charge on the law of parties and apply the law to the facts even if there is no such allegation in the indictment. *See Williams v. State,* 676 S.W.2d 399, 401 (Tex.Crim.App.1984). A charge on the law of parties is not required when the accused is charged as having committed the offense himself, even though the evidence shows that another person took an equal part in the offense with him. *See id.* at 402.

In our case, the appellant was charged by indictment as having committed the offense himself. The charge on the law of parties was not required, although the evidence in the record shows that his partner, the co-defendant, took an equal part in the offenses.

Even though the charge on the law of parties was not required in this case, the question is whether its inclusion, together with the co-defendant's plea of guilty before the jury, so prejudiced the appellant as to preclude a fair trial.

The record shows that, at appellant's request, the trial court included among its instructions the direction to the jury that, in their deliberations regarding the guilt or innocence of appellant, the jury "... shall not consider the pleas of guilty by ... [the co-defendant]." The instruction further directed that the jury " ... cannot and must not refer or allude to the fact that the [co-defendant] has entered pleas of guilty in your deliberations or take them into consideration for any purpose whatever as a circumstance against [appellant] John Manuel Cantu."

■ Since appellant timely objected to the charge on the law of parties, reversal is required if the error is calculated to injure the rights of the defendant. This means that there must be some harm to the accused from the error. *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1985). An independent basis for reversal arises if the error, even though not timely objected to, is so egregious and creates such harm that it deprives the accused of a fair and impartial trial. *Id.* at 172. The actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argu-

ment of counsel and any other relevant information revealed by the record of the trial as a whole. *Id.* at 171.

A review of the record as a whole reveals such overwhelming evidence of appellant's guilt as to leave no room for reasonable doubt. The record shows that the two victims were subjected to a prolonged ordeal by the appellant and the codefendant acting in concert, and that both victims positively identified appellant and the co-defendant as the perpetrators. The error, if any, in including the law of parties in the charge was harmless.

Appellant's third, fourth, and fifth grounds of error are overruled.

The judgment is affirmed.