**STATE of Missouri, Respondent,**

v.

**P.W. PETTERSON, Appellant.**

**No. WD 41465.**

Missouri Court of Appeals,
Western District.

Nov. 7, 1989.

Rehearing Denied Jan. 2, 1990.

P.W. Petterson, Trenton, pro se.

Douglas S. Roberts, Chillicothe, for respondent.

Before GAITAN, P.J., and MANFORD and ULRICH, JJ.

GAITAN, Presiding Judge.

Appellant, P.W. Petterson, was found guilty in a court tried case on December 13, 1988, of driving while intoxicated, § 577.010 RSMo 1986, and was sentenced to a confinement of ten days in the county jail and a fine of $500. The appellant appeals his conviction. Judgment affirmed.

In the early morning hours of May 17, 1987, Troopers Sheldon Lyon and Robert Westfall of the Missouri State Highway Patrol manned a sobriety checkpoint at a rural intersection north of Chillicothe in Livingston County, Missouri. At approximately 12:15 a.m. a vehicle driven by appellant, with his wife as a passenger, approached the checkpoint. The troopers signaled the appellant to stop. Trooper Lyon, upon making initial contact with appellant, observed two open plastic cups containing liquid in the vehicle. The trooper also detected a strong odor of intoxicants. Trooper Lyon asked the appellant to step from the car. As appellant did so, the officer noticed that appellant smelled of alcohol and appeared unsteady on his feet. Trooper Lyon asked appellant for his driver's license and requested appellant to perform various field sobriety tests. Appellant refused to cooperate.

Trooper Westfall subsequently took charge of appellant. Trooper Lyon handed the appellant's driver's license to Trooper Westfall who tucked it in his belt next to his service revolver. Based on his observations that appellant was staggering, combative, and unable to follow directions, Trooper Westfall placed appellant under arrest for driving while intoxicated. Upon being placed under arrest, appellant attempted to grab his license from the trooper's belt. A scuffle ensued and both Trooper Westfall and the appellant fell to the ground. It required both state troopers to restrain the appellant and handcuff him. Once restrained, appellant was advised of his *Miranda* rights and placed in the front, passenger side of Trooper Westfall's patrol car to be transported to the state highway patrol zone office in Chillicothe. While he was in the trooper's vehicle, the appellant

kicked out all of the radios in the patrol car.

After reaching the zone office, appellant refused to submit to a breathalyzer examination. Upon receiving a citation for driving while intoxicated, the appellant was released to the custody of his wife.

## I.

Prior to our review we note that appellant proceeded pro se both at trial and on this appeal. While appellant attempted to comply with Rule 30.06(d), the points and authorities presented in appellant's brief often are not clear or concise. With the acknowledgement of this difficulty, we proceed with our review.

Appellant first contends that the information filed was insufficient to invoke the jurisdiction of the trial court in that the state proceeded solely on the filing of a traffic ticket.

Appellant was charged with violating § 577.010 RSMo 1986, driving while intoxicated. Under the statute, the offense is a misdemeanor for a first time offender punishable by a fine of up to five hundred dollars and/or imprisonment for a term not to exceed six months. *See* §§ 577.010(2); 560.016(1); 558.011(1)(6) RSMo 1986. The appellant had not previously been convicted of driving while intoxicated and therefore was a first time offender.

■ A misdemeanor may be prosecuted by indictment or information. Rule 21.02. The purpose of an information is to advise the accused of charges against him so that he may prepare an adequate defense and may avoid retrial on the same charges in case of an acquittal. *State v. Gilmore*, 650 S.W.2d 627, 628 (Mo. banc 1983). An information is sufficient if it contains all the essential elements of the offense as set forth in the applicable statute and clearly apprises the defendant of the facts that constitute the offense. *State v. O'Connell*, 726 S.W.2d 742, 746 (Mo. banc 1987). However the same strictness in charging an offense is not required in misdemeanors as is required in felonies. *State v. Fuller*, 753 S.W.2d 328, 331 (Mo.

App.1988). "Rule 23.01(b) sets forth the requirements of an information, and an information that is substantially consistent with the forms of indictment or information approved by the Missouri Supreme Court are deemed to comply." *Dorris v. State*, 743 S.W.2d 904, 906 (Mo.App.1988); Rule 23.01(e).

■ The information in this case was on a Uniform Traffic Ticket which appeared to substantially follow the Uniform Complaint and Summons set out as Form 37A in the Supreme Court Rules of Criminal Procedure. The information clearly named the appellant as the offender, stated the offense which appellant was charged with, and set forth the essential facts. The information met all other necessary requirements. Any discrepancies between the information in this case and the requirements under Rule 23.01 does not impair the sufficiency of the information as they do not prejudice the substantial rights of the appellant. *See* § 545.030(18) RSMo 1986; Rule 23.11.

■ Appellant argues that the information, on its face, must state evidence of probable cause. We find this argument without merit and that the authorities cited by appellant are inapplicable in this case. The appellant appears to have confused the requirements of a complaint with the sufficiency of an information. Rule 23.01 does not require prima facie evidence of probable cause to appear on the information. The prosecutor signed the information certifying that reasonable grounds existed for the information. *State ex rel. Westfall v. Clifford*, 617 S.W.2d 102, 103 (Mo.App. 1981); *City of Kansas City v. Narron*, 493 S.W.2d 394, 398 (Mo.App.1973). Therefore we find that the information was sufficient to invoke the trial court's jurisdiction. *State v. Alexander*, 675 S.W.2d 431, 432 (Mo.App.1984).

■ Appellant next contends that the case was improperly before the trial judge because the state had previously disqualified him pursuant to Rule 32.07. A review of the docket sheet within the legal file reveals that the state filed the information against appellant before Judge Barbara

Lame in the Associate Circuit Court of Livingston County, on June 3, 1987. At the same time, the State requested a change of judge. The case was assigned to the Honorable Warren McElwain. The docket sheet further reveals that because of various delays and continuances, the case was reassigned on three different occasions. Then following appellant's application for Change of Judge and Change of Venue on June 17, 1988, the case was once again assigned to Judge McElwain. On change of venue, the case moved to Daviess County. Thus, after a review of the legal file, we find that the trial judge was properly assigned and within his jurisdiction and authority to hear this case. Appellant's point is denied.

■ Appellant, in this third point, alleges that he never received proper arraignment. The docket sheet indicates that appellant was originally arraigned on September 25, 1987 before the Honorable James S. Millett, who had been transferred to the Circuit Court of Livingston County and assigned to the case by the presiding judge of the forty-third judicial circuit. Therefore Judge Millett properly had jurisdiction in the matter. The legal file indicates that at the arraignment the appellant was informed of the charge, advised of his constitutional rights, including his right to counsel, and was advised of the range of punishment. Appellant pled not guilty. Appellant was rearraigned before Judge McElwain on September 12, 1988. Again, he was advised of his rights and the range of punishment. Appellant tendered a "no plea" which the court rejected and a plea of not guilty was entered on his behalf. Based on the record, we find that appellant was correctly arraigned before a judge with proper jurisdiction. *See* Rule 24.01. Point denied.

Appellant next contends that the trial court denied him the right to counsel of choice. The record indicates that appellant had two attorneys, each of whom withdrew or were discharged by the appellant. Appellant requested the trial court that he be allowed assistance in his defense by a layperson, as he did not want legal counsel.

The trial court permitted this layperson, Mr. Carrol, to sit with the appellant at counsel table, to consult with appellant, and to take notes. The trial court did direct that Mr. Carrol not speak in court.

■ Appellant argues that "counsel" as used in the sixth amendment of the United States Constitution does not necessarily mean legal counsel. This argument is without merit. The right to counsel has long been held, both in historical and legal interpretation, to mean the right of the defendant to have an attorney in order to prepare and present a defense. It is a substantive right, designed to assure a fair trial. As stated by Justice Sutherland in *Powell v. Alabama*, "[e]ven the intelligent and educated layman has small and sometimes no skill in the science of law ... He lacks both the skill and knowledge adequately to prepare his defense, even though he has a perfect one." 287 U.S. 45, 69, 53 S.Ct. 55, 64, 77 L.Ed. 158 (1932). *See also Argersinger v. Hamlin*, 407 U.S. 25, 31–33, 92 S.Ct. 2006, 2009–11, 32 L.Ed.2d 530 (1972); *Gideon v. Wainwright*, 372 U.S. 335, 343–46, 83 S.Ct. 792, 796–98, 9 L.Ed.2d 799 (1963).

■ At arrest, during arraignment, and prior to trial, appellant was informed of his right to counsel; to his right to have counsel licensed by the state of Missouri. Appellant made an advised and intelligent waiver of counsel. *Faretta v. California*, 422 U.S. 806, 835–36, 95 S.Ct. 2525, 2541–42, 45 L.Ed.2d 562 (1975); *State v. Gilmore*, 697 S.W.2d 172 at 174–75 (Mo.1985). Appellant, upon making a knowing and intelligent waiver had a constitutional right to represent himself. *Faretta v. California*, 422 U.S. at 816, 95 S.Ct. at 2531; *State v. Herron*, 736 S.W.2d 447, 449 (Mo. App.1987). The trial court accorded appellant this right, and appellant represented himself throughout the trial. This Court therefore finds that appellant was not denied the right to counsel of choice. Point denied.

In a similar vein, appellant alleges in his fifth point that appellant received a jail sentence without benefit of counsel contrary to the United States Supreme Court

decision in *Argersinger v. Hamlin*. Appellant misconstrues *Argersinger*, which in fact states, "absent a knowing and intelligent waiver, no person may be imprisoned for any offense ... unless he was represented by counsel at his trial." 407 U.S. at 37, 92 S.Ct. at 2012. As previously noted, appellant made a knowing and intelligent waiver of legal counsel. Therefore the trial court did not err in sentencing appellant to ten days in county jail.

Appellant next contends that the trial court erred in not granting a continuance due to the absence of an allegedly vital witness. Appellant had requested that Deborah Robinson of the Division of Motor Vehicle and Drivers Licensing be subpoenaed, along with the issuance of a subpoena duces tecum for a copy of appellant's driving record. The requested subpoenas were issued and served. During the presentation of his case, appellant informed the trial court that the witness had not appeared and that he did not have a copy of his driving record. Appellant made an oral motion for continuance which was denied.

■ An application for continuance in a criminal case is addressed to the sound discretion of the trial court and an appellate court will not interfere unless it clearly appears that such discretion was abused. *State v. Scott*, 338 S.W.2d 873, 876 (Mo. 1960); *State v. Tettamble*, 746 S.W.2d 433, 440 (Mo.App.1988). Additionally the denial of a continuance for purposes of securing an absent witness whose purported testimony would not bear directly on the guilt or innocence of the defendant is not an error. *State v. Reece*, 505 S.W.2d 50, 52 (Mo.1974).

Appellant does not claim, nor can this Court find that appellant was prejudiced by the absence of the witness or the lack of a driving record. Neither the purported testimony of the witness regarding the appellant's prior driving record, or the record itself, were material or relevant to appellant's innocence or guilt in this case, nor would the evidence have altered the results of the trial. Therefore appellant's sixth point is denied.

■ Appellant's seventh point of appeal contends that the trial court erred in excluding photographs, which allegedly showed injuries the appellant sustained during his confrontation with the troopers, as irrelevant. The trial court is granted broad discretion in admitting or rejecting evidence on relevancy grounds. *Missouri Commercial Investment Company v. Employers Mutual Casualty Company*, 680 S.W.2d 397, 402 (Mo.App.1984). We find that the trial court's ruling worked no prejudice against appellant as the trial court did not abuse its discretion in finding that the photographs were not probative as to appellant's guilt or innocence. Point denied.

In appellant's final point on appeal, he asserts that exculpatory evidence was either purposely destroyed or withheld by the state. The allegedly exculpatory evidence that appellant refers to is a tape recording made of appellant's interrogation by the troopers at the state highway patrol zone headquarters. At trial, Trooper Lyon testified that the tape was handed over to the former Livingston County prosecutor, and that after an effort to locate it prior to trial, the state presumed that the tape was lost.

■ The recent United States Supreme Court opinion in *Arizona v. Youngblood*, — U.S. ——, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988) is dispositive on this issue. In *Youngblood*, the Court held that unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process. *Id.* 109 S.Ct. at 337.

In the present case, while appellant makes an assertion of bad faith, he provides no facts to support his claim. This Court, as did the Supreme Court in *Youngblood*, refuses to place an absolute duty on law enforcement to preserve all material that may have some conceivable evidentiary significance in a particular prosecution. Without a showing of bad faith, this Court will not attempt to determine the exculpatory merit of such evidence. *See California v. Trombetta*, 467 U.S. 479, 486, 104

S.Ct. 2528, 2532, 81 L.Ed.2d 413 (1984). We find that appellant was not denied due process. Point denied.

All other issues referred to in appellant's briefs are without merit and will not be dealt with on review. Judgment affirmed.

All concur.