**Corey Jamal RUSHING, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–96–00769–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 20, 1997.

Kristine C. Woldy, Houston, for Appellant.

John B. Holmes, Kevin P. Yeary, Houston, for Appellee.

Before COHEN, HEDGES and FARRIS,* JJ.

### OPINION

COHEN, Justice.

A jury convicted appellant of aggravated robbery. The trial judge assessed punishment at 40 years in prison. We affirm.

### Challenge for Cause

Appellant first complains of the granting of the State's challenge for cause of veniremember Pinkie Pace. We follow the abuse of discretion standard of review.

---

* The Honorable David F. Farris, former justice, Court of Appeals, Second District of Texas at Fort Worth, participating by assignment.

*Chambers v. State,* 866 S.W.2d 9, 22 (Tex. Crim.App.1993).

 A veniremember should be struck for cause for bias or prejudice in favor of or against a defendant. Tex.Code Crim. P. Ann. art. 35.16(a)(9) (Vernon 1989). Here, Pace testified she had already formed an opinion in the case; she felt appellant was not guilty because black people are often wrongly accused. The judge did not abuse his discretion by concluding Pace was biased in favor of appellant.

We overrule the first point of error.

### Jury Charge

 Appellant complains the trial judge erred by submitting a jury instruction that misstated the law of parties and was confusing. The trial judge overruled the following objection:

> Page 2, last paragraph where it says, "All persons are parties to an offense who are guilty of acting together in the commission of the offense," we believe that is a misstatement of the law, specifically, the law of parties, and we would request that that sentence be deleted. In fact, we would ask for the deletion of the entire paragraph because we believe that it is confusing. The law of parties is contained in the paragraph on the following page and we believe that that is the law that is controlling in this case.

The rest of the paragraph stated: "A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both." This second sentence comes directly from the Penal Code. Tex. Pen.Code Ann. § 7.01(a) (Vernon 1994).

The statement that "All persons are parties to an offense who are guilty of acting together in the commission of the offense" is not in the Penal Code or any other Texas statute. In *Cantu v. State,* 715 S.W.2d 717, 720 (Tex.App.—Houston [1st Dist.] 1986, pet. ref'd), we incorrectly stated that such an instruction "tracks" the Penal Code. The language comes from McClung, Texas Jury Charges. Paul J. McClung, Jury Charges for Texas Criminal Practice 15, 17, 19 (McClung Law Books, Inc., rev. ed.1993). Apparently, it is widely used in Texas. *See, e.g., Green v. State,* 930 S.W.2d 655, 658 (Tex.App.—Fort Worth 1996, pet. ref'd). Appellant cites no case criticizing it. Although charges containing this sentence were approved in *Cantu* and *Green,* neither of those appellants specifically attacked this sentence.

Appellant contends the statement is erroneous because it is "confusing." We disagree. One who "acts together [with another] in the commission of an offense" will usually be a party under sections 7.01 and 7.02 of the Penal Code. Thus, we hold there was no error. Moreover, there was no harm. The law was correctly applied to the facts in the application paragraph of the charge. The alleged error was in the abstract definitions. Appellant contends he was harmed because there were three alleged robbers and identification issues were hotly contested. Assuming that to be true, it shows no harm. If the jury believed that appellant acted together with one or more of them in the commission of this offense, it was authorized under the law of parties to find him guilty.

We overrule the second point of error.

### Motion for Mistrial

 In his third point of error, appellant asserts the judge erred by denying a motion for mistrial. During the State's closing argument the prosecutor said, "This was a capital murder that almost happened." The judge sustained appellant's objection,[1] instructed the jury to disregard the statement, and denied a mistrial. Appellant complains on appeal that the argument was improper, inflammatory, not a part of the evidence, and an injection of the prosecu-

---

1. Appellant objected as follows:
 Your honor, I[sic] going to object. Misstatement of the law. Asking somebody to convict somebody not on the evidence, not on the law in this case.

tor's personal opinion into the case.[2]

There is an appellate presumption that an instruction to disregard will be obeyed by the jury. *Gardner v. State,* 730 S.W.2d 675, 696 (Tex.Crim.App.1987). A mistrial should be granted only if the improper statement is "clearly calculated to inflame the minds of the jury and is of such character as to suggest the impossibility of withdrawing the impression produced on their minds." *Id.* Here, the prosecutor referred to capital murder only once, and did not revisit the subject after the instruction to disregard. Thus, the instruction to disregard cured any harm.

We overrule the third point of error.

The judgment is affirmed.

---

**2.** Appellant's objection at trial did not include a complaint about an injection of personal opinion. Thus, this complaint is waived. TEX.R.APP. P. 33.1(a); *Bell v. State,* 938 S.W.2d 35, 54–55 (Tex.Crim.App.1996).