TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-00-00112-CR







Juan Salvador Torres, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT


NO. 99-035-K368, HONORABLE BURT CARNES, JUDGE PRESIDING








 Appellant Juan Salvador Torres entered a guilty plea before a jury and was
convicted of the offense of aggravated robbery. See Tex. Penal Code Ann. § 29.03 (West 1994). 
The jury assessed appellant's punishment at imprisonment for fifty-five years and a fine of
$10,000. In four points of error, appellant complains of comments and argument of the
prosecutor. We will affirm the judgment.

 Armed with a handgun and threatening to kill employees, appellant committed
robberies at two convenience stores within the space of one hour. Appellant was arrested minutes
after the robberies.

 Appellant first complains that the trial court erred in denying a mistrial after the
prosecutor allegedly made improper comments during jury voir dire. The prosecutor explained
to the jury that a defendant has the options of pleading either to a jury or to a judge, guilty or not
guilty. The prosecutor continued with his explanation:  "But the defendant also has a choice to
go to a jury, in other words, to basically not ask Judge Carnes to do it, in other words, to
basically go around and to have a jury." Defense counsel objected:  "Your Honor, we are going
to object to this election of his right to a jury trial to avoid or go around. It's like he's trying to
avoid something. He has a constitutional right to a jury trial which he has exercised." The trial
court sustained the objection and defense counsel asked for no other relief. Therefore, no error
is presented for review. See Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). A
few sentences later, the prosecutor said:  "Here again, I'm not trying to be smart aleck or
anything, but I don't think I've ever had a defendant plead guilty to a jury because he thought the
jury would give him more time than the Judge." Defense counsel objected:  "Your Honor, we're
going to object that that's improper voir dire, certain facts that are not in evidence." The trial
court sustained the objection, instructed the jury to disregard the last comment, and overruled the
motion for a mistrial. To the second statement, appellant complains on appeal that the comment
(combined with the previous comment) seemed to suggest that the trial judge would impose a
harsher sentence than the jury and "such a comment that suggests the Judge's opinion of the case
constitutes error." However, this was not the defense objection at the time of trial. At that time,
appellant's objection was "that's improper voir dire, certain facts that are not in evidence." An
objection stating one legal basis may not be used to support a different legal theory on appeal. 
See McFarland v. State, 845 S.W.2d 824, 838 (Tex. Crim. App. 1992); Rezac v. State, 782
S.W.2d 869, 870 (Tex. Crim. App. 1990). The trial objection did not preserve for appellate
review the complaint asserted on appeal. Appellant's first point of error is overruled.

 In his second point of error, appellant insists that the trial court erred in denying
defense counsel's request for a mistrial because of the prosecutor's improper comment during his
opening statement. The prosecutor concluded his opening statement by saying, "And based on
all of the evidence, after you get to hear all of the evidence the State will be asking you to take
this person and for the sake of society try to put him in a place where he won't be having an
opportunity to commit any more aggravated robberies or capital murders." The trial court
sustained appellant's objection, instructed the jury to disregard the comment about capital
murders, and denied appellant's request for a mistrial. Throughout the trial, the State contended
that in the circumstances of the robbery appellant was only a "trigger pull" away from being tried
for capital murder. Although the nature of the prosecutor's statement would be more appropriate
in jury argument than in his opening statement, the trial court's prompt sustention of the defense
objection and admonishment of the jury to disregard the comment adequately protected appellant's
rights. In a similar situation, in the prosecution of an aggravated robbery case, the prosecutor
argued:  "This was a capital murder that almost happened." The appellate court held that the trial
court's instruction to the jury to disregard the comment was sufficient and that the denial of a
mistrial was proper. See Rushing v. State, 962 S.W.2d 100, 101-02 (Tex. App.--Houston [1st
Dist.] 1997, pet. ref'd). There is an appellate presumption that an instruction to disregard will
be obeyed by the jury. See Gardner v. State, 730 S.W.2d 675, 696 (Tex. Crim. App. 1987);
Thompson v. State, 612 S.W.2d 925, 928-29 (Tex. Crim. App. 1981). Appellant's second point
of error is overruled.

 In his third point of error, appellant complains of the trial court's refusal to grant
a mistrial because of the prosecutor's comments made in jury argument. Appellant's multifarious
complaint relates to four separate comments in the prosecutor's argument. In one instance the
comment was made in the prosecutor's opening jury argument. In that instance appellant did not
pursue his objection until he received an adverse ruling. Therefore, nothing is presented for
appellate review. See Cockrell, 933 S.W.2d at 89.

 In his closing jury argument, the prosecutor argued:  "Don't we hear about that
from day to day, about compliant people that we know good and well didn't do one thing except
try to comply with people that were robbing them; and the next thing you know, you've got a
scene where you've got dead bodies all over the place." At another time, the prosecutor argued: 
"I submit to you that you have a chance to protect other people that work in these types of jobs
to maybe pay for the insurance on their car or to get some gas money for their car to be called to
the scene and have to identify their kid as, 'Yes, that's my child.'" To each of these arguments,
the cautious trial court sustained appellant's objection, instructed the jury to disregard the
complained of argument, and refused to grant appellant's request for a mistrial.

 "Proper jury argument must fall within one of the following four categories:  (1)
summation of the evidence; (2) reasonable deduction from the evidence; (3) response to argument
of opposing counsel; or (4) plea for law enforcement." Cooks v. State, 844 S.W.2d 697, 727
(Tex. Crim. App. 1992); Alejandro v. State, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973). The
evidence in this case showed that while pointing a .45 caliber handgun at convenience store
employees, appellant threatened to "kill" and blow them away. The prosecutor, stressing the
seriousness of the offense, argued that it was only a "trigger pull" away from being capital
murder. In the context of this case, the arguments about which appellant complains were pleas
for law enforcement and reasonable inferences from the evidence. Furthermore, even if these
argument could be considered improper, the careful trial judge's admonition for the jury to
disregard the arguments protected appellant's rights. See Cooks, 844 S.W.2d at 728; Port v.
State, 798 S.W.2d 839, 846 (Tex. App.--Austin 1990, pet. ref'd); Pineda v. State, 2 S.W.3d 1,
11 (Tex. App.--Houston [1st Dist.] 1999, pet. ref'd); Rushing, 962 S.W.2d at 101-02.

 In this same point of error, appellant complains that the prosecutor made a personal
attack on defense counsel, thus improperly striking at appellant over his counsel's shoulder. Early
in the trial, defense counsel told the jury that he was a former prosecutor and that he had tried
almost one hundred jury cases; then in closing argument defense counsel argued:


 You keep hearing about the Circle Drive Gang. What evidence is before
you about the Circle Drive Gang? You have one Round Rock police officer who
says he's heard of it. Wow. You have one officer who says that certain Hispanic
gangs tattoo their name on their backs. And you know that Juan has his name
partially tattooed on his back. Acevedo told you that doesn't mean he's in a gang.
Have they proved one single thing about gang to you? Have they proved what they
promised you they were going to prove about gang? But, boy, that's a good word
to toss out there because it's an ugly word. But there's no evidence of anything
about gangs. The fact that he's proud of his name and has it on his back doesn't
mean he's in a gang. In two years in school, there's not one indication of anything
like that.



 In his closing argument, the prosecutor argued:  "'Gang,' is an ugly word. No
proof of gang, no proof of gang. You know, I think it's your right of passage from being a
prosecutor to a defense attorney that you forget there is something other than direct evidence." 
The trial court promptly sustained defense counsel's objection, instructed the jury to disregard the
argument to which defense counsel had objected, and denied a motion for mistrial. There was
ample circumstantial evidence from which it might be believed that appellant was a gang member. 
The trial court's jury admonishment was sufficient if the argument were improper. See Angel v.
State, 694 S.W.2d 164, 173 (Tex. App.--Houston [14th] Houston 1985), aff'd, 740 S.W.2d 727,
736 (Tex. Crim. App. 1987). It appears that the prosecutor's argument was based on the evidence
and was a legitimate response to defense counsel's argument. Appellant's third point of error is
overruled.

 In his fourth point of error, appellant urges that he "was denied the right to a fair
trial based on prosecutorial misconduct," as follows:


In addition to the complained of conduct set forth in Issues No. 1, 2 and 3, the
prosecutor also engaged in other conduct during the course of the trial that can be
classified as prosecutorial misconduct. A list of specific instances is as follows:


1) During voir dire the State asked the panel "[h]ow many feel like they
couldn't consider life or a ninety-nine year sentence for a young person?";


2) During its case-in-chief the State played a video of the robbery four times in
front of the jury;


3) While questioning a crime scene specialist, the State asked a question
regarding hollow point bullets and intent to kill which was clearly calculated
to inflame the minds of the jury;


4) The State violated a motion in limine regarding the issue of Appellant's
alleged gang involvement.



Appellant has failed to cite authority specifically relating to each of the listed claims of error and
he has failed to argue the law as it relates to each of the listed claims of error. See Tex. R. App.
P. 38.1(h). "It is incumbent upon counsel to cite legal authority and to provide legal argument
based upon that authority." Rhoades v. State, 934 S.W.2d 113, 119 (Tex. Crim. App. 1996). 
A point of error alleging prosecutorial misconduct was held to be insufficiently briefed when
"[n]owhere is the law applied to the facts or even how it relates to the alleged error." Smith v.
State, 907 S.W.2d 522, 531 (Tex. Crim. App. 1995); see also Garcia v. State, 887 S.W.2d 862, 
876 (Tex. Crim. App. 1994); Elam v. State, 841 S.W.2d 937, 940 (Tex. App.--Austin 1992, no
pet.). Appellant's fourth point of error is overruled.

 The judgment is affirmed.



 


 Carl E. F. Dally, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Dally*

Affirmed

Filed: August 31, 2000

Do Not Publish








* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).



 in school, there's not one indication of anything
like that.



 In his closing argument, the prosecutor argued:  "'Gang,' is an ugly word. No
proof of gang, no proof of gang. You know, I think it's your right of passage from being a
prosecutor to a defense attorney that you forget there is something other than direct evidence." 
The trial court promptly sustained defense counsel's objection, instructed the jury to disregard the
argument to which defense counsel had objected, and denied a motion for mistrial. There was
ample circumstantial evidence from which it might be believed that appellant was a gang member. 
The trial court's jury admonishment was sufficient if the argument were improper. See Angel v.
State, 694 S.W.2d 164, 173 (Tex. App.--Houston [14th] Houston 1985), aff'd, 740 S.W.2d 727,
736 (Tex. Crim. App. 1987). It appears that the prosecutor's argument was based on the evidence
and was a legitimate response to defense counsel's argument. Appellant's third point of error is
overruled.

 In his fourth point of error, appellant urges that he "was denied the right to a fair
trial based on prosecutorial misconduct," as follows:


In addition to the complained of conduct set forth in Issues No. 1, 2 and 3, the
prosecutor also engaged in other conduct during the course of the trial that can be
classified as prosecutorial misconduct. A list of specific instances is as follows:


1) During voir dire the State asked the panel "[h]ow many feel like they
couldn't consider life or a ninety-nine year sentence for a young person?";


2) During its case-in-chief the State played a video of the robbery four times in
front of the jury;


3) While questioning a crime scene specialist, the State asked a question
regarding hollow point bullets and intent to kill which was clearly calculated
to inflame the minds of the jury;


4) The State violated a motion in limine regarding the issue of Appellant's
alleged gang involvement.



Appellant has failed to cite authority specifically relating to each of the listed claims of error and
he has failed to argue the law as it relates to each of the listed claims of error. See Tex. R. App.
P. 38.1(h). "It is incumbent upon counsel to cite legal authority and to provide legal argument
based upon that authority." Rhoades v. State, 934 S.W.2d 113, 119 (Tex. Crim. App. 1996). 
A point of error alleging prosecutorial misconduct was held to be insufficiently briefed when
"[n]owhere is the law applied to the facts or even how it relates to the alleged error." Smith v.
State, 907 S.W.2d 522, 531 (Tex. Crim. App. 1995); see also Garcia v. State, 887 S.W.2d 862, 
876 (Tex. Crim. App. 1994); Elam v. State, 841 S.W.2d 937, 940 (Tex. App.--Austin 1992, no
pet.). Appellant's fourth point of error is overruled.

 The judgment is affirmed.