Opinion issued November 27, 2002










  
 

In The
Court of Appeals
For The
First District of Texas




NO. 01-00-00084-CR




KENNETH WAYNE THOMPSON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 228th District Court
Harris County, Texas
Trial Court Cause No. 821,846 




O P I N I O N 

          A jury found appellant, Kenneth Wayne Thompson, guilty of aggravated
robbery and assessed punishment at confinement for 99 years. In seven points of
error, appellant contends that the trial court erred by overruling one of his challenges
for cause and that the prosecutor engaged in improper closing argument. We affirm.
BACKGROUND FACTS
          On the evening of March 20, 1999, the complainant, Joyce Craft, was working
the cash register at the Family Dollar Store in Houston, Texas. During her shift, she
noticed appellant walking around the store. After a short period of time, appellant
walked up to her cash register with a box of candy he allegedly intended to purchase. 
After Craft scanned the item, the drawer on her cash register opened and appellant
pulled out a knife. At that time, appellant pushed Craft back with his arm and said,
“Get back, Bitch. I have never had to hurt any of my sisters. Step back or I’ll kill
you.” He held the knife within a foot of her stomach and grabbed all the money in
the cash register. After appellant left the building, Craft immediately called the
police. 
          Within 10 minutes, officers with the Houston Police Department arrived on the
scene. Craft, and another cashier named Keesha Moore, who witnessed the robbery,
gave officers a detailed description of the suspect. Later, when a photospread was
shown to Craft and Moore, they each immediately identified appellant as the man
who robbed the store.
 
DISCUSSION
Challenge For Cause
          In his first point of error, appellant asserts the trial court erred by overruling
appellant’s challenge for cause to venire member Nancy Wade, who allegedly voiced
a prejudice against appellant as an accused robber.
          First, in order to preserve error on a challenge for cause, appellant must (1)
exhaust his peremptory challenges, (2) request additional peremptory challenges, (3)
identify a member of the jury as objectionable, and (4) claim that he would have
struck the juror with a peremptory challenge if he would have had another peremptory
challenge to exercise. Broussard v. State, 910 S.W.2d 952, 956-57 (Tex. Crim. App.
1995); Irvine v. State, 857 S.W.2d 920, 925-26 (Tex. App.—Houston [1st Dist.] 1993,
pet. ref’d). 
          According to the record, appellant exhausted all 10 of his peremptory
challenges, using one against Ms. Wade. Further, appellant requested an additional
peremptory challenge that was refused, and he identified juror number 18 as the
objectionable juror who served at trial. We therefore address the merits of
appellant’s first point of error.
          A trial court’s decision to deny a defendant’s challenge for cause should not
be overturned unless, in light of the entire voir dire examination of the prospective
juror, bias or prejudice has been established as a matter of law. Burks v. State, 876
S.W.2d 877, 893 (Tex. Crim. App. 1994); Little v. State, 758 S.W.2d 551, 556 (Tex.
Crim. App. 1988). Our review of decisions to grant or deny challenges for cause is
deferential to the trial court because of its superior position in evaluating the
venireperson’s demeanor and responses, and the context and tone in which questions
are asked and answered during voir dire. Rachal v. State, 917 S.W.2d 799, 810 (Tex.
Crim. App. 1996); Broussard, 910 S.W.2d at 958-59; Fearance v. State, 771 S.W.2d
486, 501 (Tex. Crim. App. 1988). When the potential juror’s answers are vacillating,
unclear, or even contradictory, the trial judge’s superior point of view is particularly
important and deserving of our deference. Rachal, 917 S.W.2d at 810; Broussard,
910 S.W.2d at 958-59. The standard of review turns on whether the trial court abused
its discretion by overruling the challenge for cause. Rachal, 917 S.W.2d at 810;
Broussard, 910 S.W.2d at 958-59. In this case, the record reveals that Wade vacillated in response to questions
regarding whether she was capable of serving as a juror. At first, she indicated some
reservations about whether her recent experience of being robbed would affect her
capacity to serve as a juror in a robbery case. When asked by the prosecutor whether
she could put her past experiences aside, Wade stated, as follows:
 
          BY VENIREPERSON WADE:
I really don’t know. I know you don’t want that answer,
but it comes back to what, subconsciously, if it would be in
my mind or not. I would try to be fair and try to judge the
evidence, but I’m not sure. It would come to my mind . . . 

          The trial judge, understanding the need for further clarification, asked Wade
the following question:
          THE COURT:
 
You understand that we all come from different
experiences. We’ve got a lifetime, maybe some of us have
a few less years than I have. All that’s in our makeup. 
Have you got the ability to set that aside and judge this
case fairly and truly on the evidence you hear from the
witness stand, witness stand alone, set that aside and
make your decision based upon the evidence that you
hear?

. . . . 

          BY VENIREPERSON WADE:
 
I’ll say yes, I could be fair.

(Emphasis added.)

          Wade’s voir dire presents the circumstances under which we owe great
deference to the trial court. Rachal, 917 S.W.2d at 810; Broussard, 910 S.W.2d at
958-59. At first, Wade wavered in response to questioning, but ultimately stated that
she would be fair and impartial. Under these facts, we will not second guess the trial
court from a cold record. The trial court was in the best position to judge Wade’s
comments and determine whether her recent experience of being robbed would affect
her ability to serve. We conclude the trial court did not abuse its discretion in
overruling appellant’s challenge for cause.
          We overrule appellant’s first point of error.
Improper Closing Arguments
          In his second through sixth points of error, appellant claims that “the
prosecutor erred” in making certain improper arguments during his closing statement. 
However, a “prosecutor’s improper jury argument is not ‘error’; only the court can
commit error in ruling on the objections to the particular arguments.” Chimney v.
State, 6 S.W.3d 681, 703 (Tex. App.—Waco 1999, no pet.); Faulkner v. State, 940
S.W.2d 308, 314-15(Tex. App.—Fort Worth 1997, pet. ref’d); Richards v. State, 912
S.W.2d 374, 377 (Tex. App.—Houston [14th Dist.] 1995, pet. ref’d); Washington v.
State, 822 S.W.2d 110, 117-18 (Tex. App.—Waco 1991), rev’d on other grounds,
856 S.W.2d 184 (Tex. Crim. App. 1993). Therefore, we will treat appellant’s second
through sixth points of error as claims that the trial court erred in its rulings with
regard to objections. We will address each point of error separately to determine
whether the trial court’s ruling regarding that particular argument was improper.
          In his second point of error, appellant contends the trial court erred by
overruling his objection when the prosecutor told the jury that “he did not call the
scene officer as a witness because he had nothing to add.” Appellant claims that
because the prosecutor’s argument alluded to information not introduced into
evidence, it was improper.
          During closing arguments at the guilt phase of trial, appellant’s counsel stated
as follows:
          APPELLANT’S COUNSEL:
 
Did you ever hear from a police officer who first went to
the scene and got Ms. Craft’s statement? First police
officer. Not Officer Stephens who comes several weeks
later but the first police officer who talks to Ms. Craft and
writes her description of the person down. Did you hear
from that police officer? So, you know what? We can
compare the description he gave and the description she
gave. See? Did you hear from that police officer? Why
not? 
 
. . . .
 
I think we should have spoken to that officer, the first one,
not Officer Stephens who comes later, the first.
 
. . . .
 
I want [the trial prosecutor] to try to answer those questions
that I asked about the other police officer, the other
witnesses.
 
. . . .
 
He may not give you an answer, but he’s smart so he’ll
come back another way. Well, they were just telling you
the real story. Ask him the question.

          In response, the prosecutor made the following remarks:
          THE PROSECUTOR:
Look at what you see, the man that stuck that knife in that
woman’s stomach didn’t have a beard. The man in the
photo array, the man in the booking photo, when he was
welcomed into the Harris County Jail, doesn’t have a
beard, but he’s got one now. He’s had time to grow it, had
time to think about how he can confuse you. And he - they
have the audacity, the nerve to question the D.A. - or to
question my failure to bring you the scene officer. He had
nothing to add. I did that as a courtesy to you.

          APPELLANT’S COUNSEL:
Objection, Your Honor. That’s totally improper.
          THE COURT: 
Ladies and gentlemen, what these lawyers say is not
evidence. You will take the evidence from the witness
stand.

          APPELLANT’S COUNSEL:
May I have a ruling on that objection, Your Honor?
          THE COURT:
Be overruled.
(Emphasis added.)
          The four proper areas of jury argument are: (1) summation of the evidence; 
(2) reasonable deduction from the evidence; (3) answer to argument from opposing
counsel; and (4) plea for law enforcement. Hathorn v. State, 848 S.W.2d 101, 117
(Tex. Crim. App. 1992). 
          When the trial court told the jury that “what these lawyers say is not evidence”
and instructed them “to take the evidence from the witness stand,” it in essence
instructed the jury to disregard the prosecutor’s statement. As a general rule,
whenever a trial court instructs the jury to disregard an improper comment, it is
presumed that the jury will follow the court’s instruction. Colburn v. State, 966
S.W.2d 511, 520 (Tex. Crim. App. 1998); Shannon v. State, 942 S.W.2d 591, 597
(Tex. Crim. App. 1996); Gardner v. State, 730 S.W.2d 675, 696 (Tex. Crim. App.
1987); Rushing v. State, 962 S.W.2d 100, 102 (Tex. App.—Houston [1st Dist.] 1997,
pet ref’d). The court “puts its faith in the jury’s ability, upon instruction, consciously
to recognize the potential for prejudice, and then consciously to discount the
prejudice, if any, in its deliberations.” Gardner, 730 S.W.2d at 696. We conclude
that any harm was cured by the court’s instruction to disregard.
          We overrule appellant’s second point of error.
          In his third point of error, appellant claims that because the prosecutor called
him “an animal” during his closing argument, the trial court erred by failing to grant
him a mistrial. 
          According to the record, the prosecutor stated, as follows:
          THE PROSECUTOR:
 
I have a lot of respect for [appellant’s trial attorney], okay? 
Normally I wouldn’t say that in a case like that before I
want you to send this man to prison for a long time, but he
talked of an encounter, how you wouldn’t be able to
remember him in a year from now after you spoke to him. 
Think about the difference between having [appellant’s
trial attorney] talk to you, as likeable as he is, and then
having this animal put a knife to your stomach.

          APPELLANT’S COUNSEL:
 
I want to object to that, You Honor. An animal, that’s
totally improper, Your Honor, calling this man an animal.

          THE COURT:
 
Be sustained. Ladies and gentleman, you’ll disregard
the remark about the animal.

(Emphasis added.)

          The trial judge properly sustained appellant’s objection and instructed the jury
to disregard the prosecutor’s statement. Given the facts of the case and the trial
judge’s prompt instruction to the jury to disregard, we are unable to say that the
court’s instruction did not cure the harm. Colburn, 966 S.W.2d at 520; Tompkins v.
State, 774 S.W.2d 195, 218 (Tex. Crim. App. 1987), aff’d, 490 U.S. 754, 109 S.Ct.
2180 (1989) (holding prosecutor’s comment that defendant was “an animal” was
cured when trial judge sustained defendant’s objection and instructed jury to
disregard statement); Gardner, 730 S.W.2d at 696.
          We overrule appellant’s third point of error.
          In his fourth and fifth points of error, appellant contends that, after the
prosecutor argued that appellant had a duty to call witnesses in his defense, the trial
judge erred by not granting him a mistrial. Appellant complains about the following
comments by the prosecutor during his closing statement:
          THE PROSECUTOR:
Where’s his alibi witness? Why didn’t his mom testify
about where he was?

          APPELLANT’S COUNSEL:
 
Your Honor, wait a minute. I must object to that.

          THE COURT:
 
Be sustained.

          APPELLANT’ COUNSEL:
 
May I have the jury to disregard that last statement?

          THE COURT:
 
Ladies and gentlemen, disregard that last statement.

          APPELLANT’S COUNSEL:
 
Respectfully move for a mistrial , Your Honor.

          THE COURT:
 
Be overruled.

(Emphasis added.)

          Appellant complains that there was no evidence indicating his mother was
alive, or that any alibi witnesses existed, and therefore the prosecutor’s argument was
improper. However, any harm to appellant was cured when the trial court sustained
the objection and instructed the jury to disregard the statement. Colburn, 966 S.W.2d
at 520; Gardner, 730 S.W.2d at 696; Rushing, 962 S.W.2d at 102. Appellant
presented no evidence to rebut the presumption that the trial court’s instruction cured
any harm. Colburn, 966 S.W.2d at 520.
          Accordingly, we overrule appellant’s fourth and fifth points of error.In his sixth point of error, appellant complains that after the prosecutor
improperly attacked appellant through his counsel, the trial court erred by not
granting him a mistrial Specifically, appellant complains about the following
argument:
          THE PROSECUTOR:
So, you pick at her, you kick her down when she’s a victim
because she can’t remember every single detail. It’s awful. 
It’s a disgrace.

          APPELLANT’S COUNSEL:
Your Honor, I want to object to him saying that’s a
disgrace. He’s attacking the defendant through his
attorney, and I would object.

          THE COURT:
Sustained.
          APPELLANT’S COUNSEL:
Can I have the jury disregard?
          THE COURT:
Ladies and gentlemen, disregard the statement.
          APPELLANT’S COUNSEL:
Move for a mistrial.
          THE COURT:
Overruled.
          Even if we assume that the prosecutor’s statement was improper, we conclude
it was not so egregious that it was not cured by the instruction given to the jury to
disregard it. See Dinkins v. State, 894 S.W.2d 330, 356 (Tex. Crim. App. 1995). 
          We overrule appellant’s sixth point of error.
          In his final point of error, appellant contends that because the cumulative effect
of “the prosecutor’s numerous improper statements and remarks” during his closing
argument were so harmful, appellant is entitled to a reversal of his conviction. 
However, in light of our resolution of appellant’s second through sixth points of
error, we conclude that his final point of error is without merit. See Chamberlain v.
State, 998 S.W.2d 230, 238 (Tex. Crim. App. 1999).
          We overrule appellant’s seventh point of error.
CONCLUSION
We affirm the judgment. 
 

                                                                        Margaret Garner Mirabal
                                                                        Justice

Panel consists of Justices Mirabal, Nuchia, and Price.



Do not publish. Tex. R. App. P. 47.4.