NO. 07-02-0468-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



NOVEMBER 12, 2003


______________________________



LLOYD WAYNE LOTSON
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE CRIMINAL DISTRICT COURT OF JEFFERSON COUNTY;



NO. 85,657; HON. CHARLES D. CARVER, PRESIDING


_______________________________





Memorandum Opinion


_______________________________



Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

 Lloyd Wayne Lotson (appellant) appeals his felony conviction for burglary of a
habitation. Despite the absence of a plea bargain, appellant pled no contest to the
charges and waived his right to a jury. However, the trial court did not admonish him as
required by art. 26.13(a) of the Texas Code of Criminal Procedure. (1) Instead, it accepted
his plea and proceeded to try the issue of guilt, a topic appellant actually disputed. That
is, the State presented evidence of his guilt via witnesses. Appellant not only cross-examined them but also moved for a directed verdict, testified in his own defense and
presented his own witness, all in apparent effort to secure an acquittal or a favorable
sentence. The trial court eventually found appellant guilty and sentenced him to 30 years
imprisonment. Appellant then appealed. The two issues before us concern the failure of
the trial court to admonish appellant about the applicable range of punishment. According
to him, this circumstance not only warrants reversal but also constitutes a denial of due
process. We affirm the judgment.

Issue One-Failure to Comply with art. 26.13(a)


 Through his first issue, appellant contends that the trial court reversibly erred
because it did not admonish him about the range of punishment applicable to the offense
after he pled no contest. We overrule the issue.

 As previously mentioned, art. 26.13(a) of the Texas Code of Criminal Procedure
obligates the trial court to admonish one who pleads guilty or nolo contendere of various
matters. Included within them is the range of punishment attached to the offense. Tex.
Code Crim. Proc. Ann. art. 26.13(a)(1) (Vernon Supp. 2004). And, though admonishment
is required, the failure to do so does not arise to constitutional magnitude. Instead, it
implicates statute and breach of statutory edict. Thus, harm, if any, accompanying the
error is analyzed under Texas Rule of Appellate Procedure 44.2(b). Aguirre-Mata v. State,
No. 2115-00, 2003 WL 21077447 (Tex. Crim. App. May 14, 2003).

 Here, the State concedes that the trial court erred in omitting the admonishments. 
Yet, it believes that the error was harmless. We agree.

 Unlike the usual circumstances accompanying a guilty plea or a plea of no contest,
the appellant actually disputed his guilt. Furthermore, a trial was conducted to decide that
issue. At the proceeding, the prosecutor endeavored to prove guilt via three witnesses
while appellant mounted a defense based upon his cross-examination of those witnesses,
his own testimony and the testimony of his mother. 

 Furthermore, nothing of record illustrates that appellant was actually unaware of the
range of punishment that he faced or the consequences of his plea. Nor does he assert
that he was unaware of those things in his appellate brief. Instead, he 1) states that the
failure of the trial court to admonish him constituted error, 2) alludes to the trial court's
general obligation to assure that a plea is voluntary and knowing, 3) states that he made
no statements indicating that he understood that he could be sentenced to 30 years
imprisonment, and 4) posits that his counsel's statement that his sentence could range
from 25 years to life did not constitute substantial compliance with art. 26.13(a)(1). Yet,
again, nowhere does he deny knowing of the applicable punishment range or that his
sentence could be life imprisonment. Similarly absent is any evidence permitting one to
reasonably infer that had the trial court admonished appellant per art. 26.13(a) he would
have entered some other plea. See Carranza v. State, 980 S.W.2d 653, 658 (Tex. Crim.
App. 1998) (stating that to secure reversal the appellant must show that he was unaware
of the consequences of his plea and that he was misled or harmed).

 In short, we have an odd situation before us. Despite representing that he did not
contest the charges, appellant contested them. So too was he afforded and did participate
in a trial on the merits of those charges. This, coupled with the absence of evidence
illustrating that appellant was actually ignorant of the consequences of his plea (whatever
those consequences may have been given the circumstances at bar) or would have acted
differently had he been admonished per art. 26.13(a), leaves us to conclude that his
substantial rights were not affected. Thus, he did not suffer the type of harm prerequisite
to securing reversal. See Tex. R. App. P. 44.2(b) (stating that any error, other than
constitutional error, must be disregarded if it did not affect substantial rights).

Issue Two - Due Process


 We next address whether the failure to admonish appellant about the range of
punishment deprived him of his United States Constitutional right to due process. 
Appellant contends that it did. We disagree and overrule the issue. 

 Recently, the Texas Court of Criminal Appeals held that federal constitutional
notions of due process do not mandate that a defendant pleading guilty be informed of the
applicable range of punishment. Aguirre-Mata v. State, No. 2115-00, 2003 WL 21077447
(Tex. Crim. App. May 14, 2003). Thus, the failure to admonish someone who pleads guilty
about the range of punishment does not constitute the denial of due process. Id. We see
no reason to deviate from this holding when the defendant (like that before us) pled no
contest. Nor has appellant suggested any.

 The judgment is affirmed.

 

 Brian Quinn

 Justice


Do not publish. 


 
1. Requiring the trial court to admonish the defendant of various matters, including the range of
punishment, when the defendant pleads guilty or nolo contendere. Tex. Code Crim. Proc. Ann. art. 26.13
(Vernon Supp. 2004).



: 10pt">Point One - Factual Sufficiency of the Evidence


 In the final point that we consider, appellant argues that the evidence was factually
insufficient to support the finding of guilt. He apparently believes this to be so because the
sole testimony of sexual assault came from the complainant, and her testimony was not
free of inconsistency. We overrule this point as well.

 First, appellant did not explain, while developing this point of error, how the
complainant's testimony was inconsistent, ambiguous, or unbelievable. Such an
explanation was required by Texas Rule of Appellate Procedure 38.1(h). Thus, he failed
to adequately brief and preserve the point. Elam v. State, 841 S.W.2d 937, 940 (Tex.
App.--Austin 1992, no pet.) (holding that mere citation of authority without discussion of
the facts showing error is insufficient argument and that mere references to record pages
does not sufficiently identify the actions of which complaint is made). 

 Second, the testimony of a child victim alone may be sufficient to sustain a
conviction. See Mallet v. State, 9 S.W.3d 856, 864 (Tex. App.--Fort Worth 2000, no pet.)
(holding that in a sexual assault case, the child victim's testimony alone is sufficient to
support a conviction); O'Hara v. State, 837 S.W.2d 139, 141-42 (Tex. App.--Austin 1992,
pet. ref'd) (holding the same). Here, that child victim testified that appellant took her to his
bedroom, fondled her, disrobed her, dropped his pants, and inserted his penis into her
vagina at a time when she was 13 years old and not his spouse. That is some evidence
upon which a rational jury could find beyond reasonable doubt that he intentionally and
knowingly committed aggravated sexual assault. See Tex. Pen. Code Ann.
§22.021(a)(1)(B)(i) (Vernon Supp. 2003) (describing the elements of aggravated sexual
assault). 

 Yet, we also have before us evidence that he did this on other occasions during a
period in which he professed his love to her and his desire to marry her. This is further 
matter which a jury could consider in assessing whether appellant committed the crime
with which he was charged. And, that there may have been inconsistencies in the
evidence simply presented opportunity for the jury to fulfill its function as factfinder and the
sole judge of the witness's credibility. It did not render the verdict clearly wrong or
manifestly unjust. See King v. State, 29 S.W.3d 556, 562-63 (Tex. Crim. App. 2000)
(discussing the standard of review applicable to claims of factual insufficiency); Clewis v.
State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996) (discussing same). 

 Accordingly, the judgment of the trial court is affirmed.


 Brian Quinn

 Justice 

 

Do not publish. 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex.
Gov't code ann. §75.002(a)(1) (Vernon 1998).