**Rene Antonio LUCIO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–86–00622–CR.**

Court of Appeals of Texas,
San Antonio.

Nov. 12, 1987.

Jose Eduardo Pena, Laredo, for appellant.

Anna L. Cavazos, Asst. Dist. Atty., Laredo, for appellee.

Before ESQUIVEL, REEVES and DIAL, JJ.

OPINION

ESQUIVEL, Justice.

This is an appeal from a judgment of conviction in a burglary of a habitation case. *See* TEX.PENAL CODE ANN. § 30.02(a)(1) (Vernon 1974). We reverse.

Appellant and co-defendant Rafael Trevino (Trevino) were jointly charged by indictment with entering a habitation without the effective consent of the owner with the

intent to commit theft. Appellant and Trevino were tried jointly before the court upon their plea of not guilty.[1] Appellant filed a motion for judgment of acquittal after the State had presented its case in chief. Appellant's motion was overruled by the court, and the court found appellant guilty of the offense charged in the indictment and assessed his punishment at five (5) years' confinement. This appeal resulted.

In his sole point of error appellant alleges that "the trial court erred in denying appellant's motion for judgment of acquittal because the evidence is insufficient to sustain a conviction for the offense of burglary of a habitation."

The test in determining the sufficiency of the evidence to support a criminal conviction is the same in both direct and circumstantial evidence cases. *Dickey v. State*, 693 S.W.2d 386, 387 (Tex.Crim.App.1984); *Carlsen v. State*, 654 S.W.2d 444, 449 (Tex. Crim.App.1983) (on rehearing). The standard of review requires that a reviewing court examine the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Dickey v. State*, at 387.

The elements of § 30.02(a)(1) are: (1) a person (2) without effective consent of owner (3) enters a habitation (4) with intent to commit a felony or theft. *Moreno v. State*, 702 S.W.2d 636, 639 (Tex.Crim.App. 1986). Appellant argues that the evidence was insufficient to prove beyond a reasonable doubt the indictment allegations that he had knowingly and intentionally entered a habitation with intent to commit theft and further, that such evidence is insufficient to prove beyond a reasonable doubt that appellant acted as a person criminally reponsible for the conduct of another under TEX.PENAL CODE ANN. § 7.02 (Vernon 1974).

Accordingly, we hereinafter set out the evidence in the light most favorable to the prosecution.

The complainant testified that she was the owner and sole occupant of the house situated at 1202 Mier Street, Laredo, Texas, on the night in question; that she had not given anyone permission to enter her house that night; that in the early morning hours of February 17, 1986, she was awakened by a "terrific banging" at her front door; that when the "banging" continued she called the police from her hall phone and asked them to "send help immediately"; that her neighbor phoned her immediately after she finished calling the police; that after she hung up the phone from talking to her neighbor she heard a "crash" of glass and "suddenly the lights went on" in her living room; that she rushed to the back door, and when she opened the door, the police were there. She further testified that her back screen door had been slashed and the lock twisted, that one of three glass panels on the top of her front wooden door had been broken; that there were "gouges" around the lock on the front wooden door; that the front screen door had been slashed; that the bars on her kitchen had been "pulled" and there were marks where "you could see they tried to get in"; that the damage to the window and the doors was not there when she went to bed that night. Further, she testified that the light switch on the wall of the living room was within arms reach of the broken glass panel on her front door and that there was broken glass inside her living room; and finally, that nothing was taken from her house.

Officer Leo Hernandez, a patrolman with the Laredo Police Department testified that at approximately 2:10 a.m. on February 17, 1986, in answer to a radio dispatch for a burglary in progress at 1202 Mier Street he and his companion, officer J. Vidaurri, proceeded in their police auto to the house; when they arrived, Trevino and another person were at the front door of the house;

---

**1.** Contrary to the recitation in the judgment on file in this cause that appellant pled guilty, the trial transcript shows otherwise.

that Trevino and the other person ran towards the rear of the house; that the other person escaped, but Trevino was apprehended near the garage at the rear of the house with a tire tool in his hand; that Trevino had "fresh" cut marks on his inner forearms just above the wrist at the time of his arrest; that after Trevino was apprehended, officer Hernandez saw a car that had been parked nearby leave the scene at a high rate of speed; that he described the fleeing car to his dispatcher over his police radio and that officer Cavazos chased the fleeing car. Officer Hernandez further testified that the damage to the front door of the house could have been caused by the tire tool found in the possession of Trevino; and that there was blood on the broken glass on the front door of the house.

Officer Antonio Cavazos, Jr., a patrolman with the Laredo Police Department testified that on the date and time in question he was dispatched to 1202 Mier Street to assist other officers in a burglary in progress at that location; that as he and his partner officer J. Soliz arrived at the scene they noticed a car leaving the immediate area at a high rate of spped; that they gave chase with their lights and siren on but were able to stop the car only after the car had turned over on its side and skidded into an embankment some distance from the scene of the burglary; that appellant exited from the overturned car holding a bandana to his left arm which was cut and bleeding badly; that the other passenger in the car with appellant was appellant's three or four year old son; and that they found no stolen property in the car driven by appellant.

The State introduced, over the objection of appellant, a transcript of a revocation of probation hearing held 11 days before the instant trial which set out therein that Trevino had pled "true" to the State's allegation in their motion to revoke Trevino's probation that Trevino had violated the conditions of his probation, in that on the 17th day of February, 1986, Trevino entered the house at 1202 Mier Street in Laredo, Texas without the effective consent of the owner with the intent to commit theft.

Applying the appropriate standard of review we hold that a rational trier of fact could not have found beyond a reasonable doubt that appellant entered the habitation with intent to commit theft and further, a rational trier of fact could not have found appellant guilty as a party under § 7.02(a)(2). The evidence is insufficient for a rational trier of fact to have found that appellant had a common purpose or design with Trevino to commit the burglary. Appellant's point of error is sustained.

Accordingly, the judgment of the trial court is reversed and this cause is remanded to the trial court with instructions to enter a judgment of acquittal. *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).

DIAL, Justice, dissenting.

I respectfully dissent.

In a prosecution for burglary, the intent to commit theft may be inferred from the circumstances. An entry made without consent in the nighttime is presumed to have been made with intent to commit theft. *Mauldin v. State,* 628 S.W.2d 793, 795 (Tex.Crim.App.1982). Thus, all the elements of the crime of burglary of a habitation were established.

The testimony that the appellant fled from the scene driving at a very high rate of speed and would not stop for the officers' lights and siren is sufficient for a rational trier of fact to conclude he was a party participating in the burglary as the get-away driver. *Thompson v. State,* 697 S.W.2d 413, 417 (Tex.Crim.App.1985).

I would affirm the conviction.