

# IN THE
# TENTH COURT OF APPEALS

## No. 10-07-00325-CR

**JAIME TREJO LOPEZ,**

                                                         **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                         **Appellee**

**From the 40th District Court
Ellis County, Texas
Trial Court No. 29169CR**

## MEMORANDUM OPINION

After fleeing the scene of a home invasion, Appellant Jaime Lopez was arrested after a videotaped police chase and charged with burglary of a habitation, among other charges. Challenging the legal and factual sufficiency of the evidence in one issue, Lopez appeals his burglary conviction and twenty-year prison sentence. We will affirm.

When reviewing a challenge to the legal sufficiency of the evidence to establish the elements of a penal offense, we must determine whether, after viewing all the

evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). Our duty is to determine if the finding of the trier of fact is rational by viewing all of the evidence admitted at trial in the light most favorable to the verdict. *Adelman v. State,* 828 S.W.2d 418, 422 (Tex. Crim. App. 1992). In doing so, any inconsistencies in the evidence are resolved in favor of the verdict. *Curry v. State,* 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

In a factual sufficiency review, we ask whether a neutral review of all the evidence, though legally sufficient, demonstrates either that the proof of guilt is so weak or that conflicting evidence is so strong as to render the factfinder's verdict clearly wrong and manifestly unjust. *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006); *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). "The court reviews the evidence weighed by the jury that tends to prove the existence of the elemental fact in dispute and compares it with the evidence that tends to disprove that fact." *Johnson*, 23 S.W.3d at 7. The appellate court "does not indulge in inferences or confine its view to evidence favoring one side of the case. Rather, it looks at all the evidence on both sides and then makes a predominantly intuitive judgment. . . ." *Id.* (quoting William Powers and Jack Ratliff, *Another Look at "No Evidence" and "Insufficient Evidence*," 69 TEXAS L. REV. 515, 519 (1991)). The nature of a factual sufficiency review authorizes an appellate court, although to a very limited degree, to act as the so-called "thirteenth juror" to review the factfinder's weighing of the evidence and disagree with the factfinder's

determination.  *Watson*, 204 S.W.3d at 416-17.

While Roy Owen was at work on a summer day, his four children were at home sleeping late.  When the doorbell began to ring and the door was knocked on repeatedly, fifteen-year-old Michael, with ten-year-old Carissa close by, looked through the peephole and, not recognizing the person and assuming it was a solicitor, did not open the door.  They moved away from the door, and a few seconds later they heard a loud thud from the back.  They moved toward the kitchen and found Lopez standing there, who said something to the effect that he thought he was in his wife's house.  He fled out the back, and Michael followed and watched him climb into the passenger side of a red Dodge Intrepid with distinctive spots on the front.  A shovel was found near the back door and had been used to make the forced entry.

Carissa called 9-1-1 and family members, and sheriff's deputies and Roy Owen arrived.  Michael gave a statement of what he saw to the deputies, and an all-points bulletin for the vehicle was broadcast.  DPS trooper Lee Coronado spotted the suspect vehicle and engaged in a high-speed chase with his lights, siren, and video camera on.  The car finally drove into a muddy field and got stuck, and the occupants initially fled on foot but quickly surrendered to law enforcement.  The deputy who took Michael's statement came to the scene and confirmed that Lopez matched Michael's description.  At jail, Lopez identified himself as "Cornelio Reyes," but at his arraignment the next day his use of the false name was discovered.

At trial Michael identified Lopez as the man he saw in the kitchen.  Carissa was unable to identify him.  The sister of Lopez's girlfriend testified that Lopez had been at

her house that morning after a night of heavy drinking and had left after noon.

The indictment charged Lopez with entering the habitation of Roy Owen without his effective consent and with the intent to commit theft. A person commits the offense of burglary by entering a habitation without the effective consent of the owner, with the intent to commit a felony or theft. TEX. PEN. CODE ANN. § 30.02(a)(1) (Vernon 2003). The jury was also charged on the lesser-included offense of criminal trespass but found Lopez guilty of burglary.

The State's theory is that Lopez and his cohort knocked and rang the doorbell, and upon concluding that no one was inside, Lopez broke in the back door to burglarize the home. Upon confronting the children, he concocted an excuse for entering and immediately fled the scene and then from law enforcement.

Lopez argues that the evidence is insufficient to prove that he was the person who entered the Owen home and, if his identity was proved, the evidence is insufficient to prove that he entered the home with the intent to commit a theft. Lopez emphasizes that there is no evidence of his intent to commit theft because of the comment that he thought he was in his wife's home and because he was not wearing gloves, no fingerprints were taken, and the children did not see him try to take anything.

A burglary conviction may be supported by the testimony of one witness without corroborating evidence. *See, e.g., Flournoy v. State,* 668 S.W.2d 380, 383 (Tex. Crim. App. 1984). But here, in addition to Michael's identification of Lopez as the intruder, there was corroborating evidence: Michael described Lopez to deputies and said that he got in the passenger side of the car that Trooper Coronado chased, and

Coronado identified Lopez as the passenger. The videotape also showed Lopez after his apprehension, and the jury could use it to compare his likeness on the video to the defendant at trial. *See Conyers v. State,* 864 S.W.2d 739, 741 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd).

The requisite specific intent to commit theft can be inferred from a defendant's conduct and remarks and from all surrounding circumstances. *See Robertson v. State,* 871 S.W.2d 701, 705 (Tex. Crim. App. 1993). "In a burglary prosecution, the intent to commit theft may be inferred from circumstantial evidence." *Moreno v. State,* 702 S.W.2d 636, 641 (Tex. Crim. App. 1986), *disapproved on other grounds by Hall v. State,* 225 S.W.3d 524 (Tex. Crim. App. 2007); *see Roane v. State,* 959 S.W.2d 387, 388 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd); *Linder v. State,* 828 S.W.2d 290, 294 (Tex. App.—Houston [1st Dist.] 1992, pet. ref'd). Furthermore, immediate flight from a scene can be considered evidence of consciousness of guilt. *See Fentis v. State,* 582 S.W.2d 779 (Tex. Crim. App. 1976); *cf. Lucio v. State,* 740 S.W.2d 115, 117 (Tex. App.—San Antonio 1987, no pet.) (evidence of flight alone was insufficient to support burglary conviction). The State also argues that Lopez's false self-identification is further evidence of consciousness of guilt.

Viewing the evidence in the light most favorable to the verdict, we find that a rational trier of fact could have found beyond a reasonable doubt that Lopez entered Owen's habitation with the intent to commit theft. Other than the potential alibi and Lopez's claim that if he was the burglar, he thought he was in his wife's house, there was no other controverting evidence, and the jury was free to disbelieve the alibi and

Lopez's explanation for being in the Owen home.  And considering all of the evidence in a neutral light, we find that the evidence is factually sufficient.  The proof of guilt is not so weak nor the conflicting evidence so strong as to render the jury's verdict clearly wrong and manifestly unjust.

Because the evidence is legally and factually sufficient, we overrule Lopez's issue and affirm the trial court's judgment.


                                        REX D. DAVIS
                                        Justice

Before Chief Justice Gray,
        Justice Reyna, and
        Justice Davis
Affirmed
Opinion delivered and filed July 29, 2009
Do not publish
[CR25]